1  PATRICK M. RYAN (SBN 203215)
    pryan@bzbm.com
2  C. GRIFFITH TOWLE (SBN 146401)
    gtowle@bzbm.com
3  JOHN F. McLEAN (SBN 55914)
    jmclean@bzbm.com
4  OLIVER Q. DUNLAP (SBN 225566)
    odunlap@bzbm.com
5  SEAN R. McTIGUE (SBN 286839)
    smctigue@bzbm.com
6  BARTKO ZANKEL BUNZEL & MILLER
   A Professional Law Corporation
7  One Embarcadero Center, Suite 800
   San Francisco, California 94111
8  Telephone: (415) 956-1900
   Facsimile:  (415) 956-1152

10 Attorneys for Plaintiffs
   VHS LIQUIDATING TRUST, PRIME
11 HEALTHCARE SERVICES, INC., PRIME
   HEALTHCARE FOUNDATION, INC. and
12 PRIME HEALTHCARE MANAGEMENT, INC.

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| VHS LIQUIDATING TRUST, et al., | Adv. Proc. No. 4:21-ap-4034 |
| Plaintiffs, | The Hon. Judge Charles Novack |
| v. | **PLAINTIFFS' MOTION TO REMAND** |
| BLUE CROSS OF CALIFORNIA, et al., | Date:  October 29, 2021<br>Time:  11:00 a.m. |
| Defendant. | Dept.:  215 |
| | Removed from the Superior Court of the State of California, County of Alameda (Case No. RG21106600) |
| | ACTION FILED IN ALAMEDA SUPERIOR COURT:  July 27, 2021 |
| | COMPLAINT SERVED ON:  August 23, 2021 (earliest date a Defendant was served) |
| | NOTICE OF REMOVAL FILED: September 22, 2021 |

# TABLE OF CONTENTS

| | | | Page |
|---|---|---|---|
| I. | INTRODUCTION AND SUMMARY OF THE FACTS | | 6 |
| II. | ARGUMENT | | 8 |
| | A. | Legal Standard for Remand | 8 |
| | B. | The Court Lacks Subject Matter Jurisdiction Over the Claims at Issue and, Therefore, Must Remand the Superior Court Action | 10 |
| | C. | Even if the Court had Subject Matter Jurisdiction, Application of the Equitable Factors Applied in the Ninth Circuit Mandates Remand | 13 |
| | | 1. The Effect or Lack Thereof on the Efficient Administration of the Estate if a Court Recommends Remand | 13 |
| | | 2. The Extent to Which State Law Issues Predominate Over Bankruptcy Issues | 14 |
| | | 3. The Difficulty or Unsettled Nature of the Applicable Law | 14 |
| | | 4. Comity | 14 |
| | | 5. The Relatedness or Remoteness of the Action to the Bankruptcy Case | 15 |
| | | 6. The Existence of a Right to a Jury Trial | 16 |
| | | 7. Prejudice to the Party Involuntarily Removed from State Court | 16 |
| | | 8. The Presence of a Related Proceeding Commenced in State Court or Other Non-Bankruptcy Court | 16 |
| | | 9. The Jurisdictional Basis, If Any, Other Than 28 U.S.C. § 1334 | 17 |
| | | 10. The Substance Rather Than Form of an Asserted "Core" Proceeding | 17 |
| | | 11. The Feasibility of Severing State Law Claims From Core Bankruptcy Matters to Allow Judgments to Be Entered in State Court With Enforcement Left to the Bankruptcy Court | 17 |
| | | 12. The Burden on the Bankruptcy Court's Docket | 18 |
| | | 13. The Likelihood That the Commencement of the Proceeding in Bankruptcy Court Involves Forum Shopping by One of the Parties | 18 |
| | | 14. The Presence in the Proceeding of Nondebtor Parties | 18 |
| III. | CONCLUSION | | 19 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bally Total Fitness Corp. v. Contra Costa Retail Ctr.*
    384 B.R. 566 (Bankr. N.D. Cal. 2008) ...................................................................... 9, 14, 15

*Bethlahmy v. Kuhlman (In re ACI–HDT Supply Co.)*
    205 B.R. 231 (9th Cir. BAP 1997) ................................................................................ 10, 13

*Citigroup, Inc. v. Pac. Inv. Mgmt. Co. (In re Enron Corp.)*
    296 B.R. 505 (C.D. Cal. 2003) ........................................................................................ 9, 15

*City of Moreno Valley, CA. v. Century-TCI CA., L.P.*
    2003 WL 22126450 (C.D. Cal. Mar. 21, 2003) ................................................................... 16

*Dahiya v. Talmidge Int'l, Ltd.*
    371 F.3d 207 (5th Cir. 2004) ................................................................................................ 10

*In re Donington, Karcher, Salmond, Ronan & Pianone, P.A.*
    194 B.R. 750 (D.N.J. 1996) .................................................................................................. 15

*In re Etheridge*
    2006 WL 4528540 (Bankr. D. Or. Jul. 21, 2006) ................................................................. 15

*Falise v. Am. Tobacco Co.*
    241 B.R. 48 (E.D.N.Y.1999) ................................................................................................ 12

*Hopkins v. Plant Insulation Co.*
    349 B.R. 805 (N.D. Cal. 2006) ......................................................................................... 9, 13

*Laird v. Gianulias*
    2013 WL 4851620 (N.D. Cal. Aug. 12, 2013) ...................................................................... 11

*Maya, Ltd. Liab. Co. v. Cytodyn of N.M., Inc. (In re Cytodyn of N.M., Inc.)*
    374 B.R. 733 (Bankr. C.D. Cal. 2007) .......................................................................... *passim*

*McCarthy v. Prince (In re McCarthy)*
    230 B.R. 414 (BAP 9th Cir. 1999) ......................................................................................... 8

*Momentum Telecom, Inc. v. Peering Partners Commc'ns, LLC*
  Case No. 2:11-CV-01336-KJD-CWH, 5-6 (D. Nev. Jan. 13, 2012) ........................................ 15

*In re Pegasus Gold Corp.*
  394 F.3d 1189 (9th Cir. 2005) ................................................................................ 11, 12

*In re Resorts International, Inc. et al v. Price Waterhouse & Co., LLP*
  *(In re Resorts Int'l, Inc.)*
  372 F.3d 154 (3d Cir. 2004) ................................................................................... 11, 12

*Schulman v. California (In re Lazar)*
  237 F.3d 967 (9th Cir. 2001) ......................................................................................... 9

*Security Farms v. International Brotherhood of Teamsters*
  124 F.3d 999 (9th Cir. 1997) ......................................................................................... 9

*Things Remembered v. Petrarca*
  516 U.S. 124 (1995) ........................................................................................................ 8

*TIG Ins. Co. v. Smolker*
  264 B.R. 661 (Bankr. C.D. Cal. 2001) ......................................................................... 10

*Tucson Estates*
  912 F.2d 1162 (9th Cir. 1990) ................................................................................ 14, 17

*Waitt v. Merck & Co.*
  No. C05-0759L, 2005 WL 1799740 (W.D. Wash. July 27, 2005) ............................... 10

*Williams v. Shell Oil*
  169 B.R. 684 (S.D. Cal. 1994) ................................................................................. 9, 13

*In re Wilshire Courtyard*
  459 B.R. 416 (B.A.P. 9th Cir.2011) ............................................................................. 11

*In re Wood*
  825 F.2d 90 (5th Cir. 1987) .......................................................................................... 11

**Statutes**

28 United States Code
    § 157 ................................................................................................................................ 11
    § 157(a) ........................................................................................................................... 11
    § 157(b) ........................................................................................................................... 15
    § 157(b)(1) ...................................................................................................................... 11
    § 157(c)(1) ...................................................................................................................... 11
    § 1334 ........................................................................................................................ *passim*
    § 1334(b) ........................................................................................................................ 11
    § 1334(c)(2) ...................................................................................................................... 9
    § 1452(b) .................................................................................................................... 8, 10

**Other Authorities**

26 Code of Federal Regulations § 301.7701-4(d) ............................................................... 7

2854.003/1663623.6
Case: 21-04034  Doc# 83-1  Filed: 10/01/21  Entered: 10/01/21 16:58:46  Page 5 of 19
PLAINTIFFS' MOTION TO REMAND

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Plaintiffs VHS Liquidating Trust ("Verity"), Prime Healthcare Services, Inc., Prime Healthcare Foundation, Inc., and Prime Healthcare Management, Inc. (collectively, "Prime") (together with Verity, "Plaintiffs") hereby move (the "Motion") this Court for an order remanding the action styled *VHS Liquidating Trust, et al. v. Blue Cross of California, et al.* ("Superior Court Action") to the Superior Court of Alameda County where it was previously pending as Case No. RG21106600 in the complex department of said Court before the Honorable Winnifred Y. Smith, Judge of the Superior Court.

This Motion is based on the accompanying Declaration of Patrick Ryan ("Ryan Declaration"), the points and authorities set forth below, and on such other and further evidence and matters that the Court may consider at the hearing of the Motion.

## I.    INTRODUCTION AND SUMMARY OF THE FACTS

In the Superior Court Action, Verity, under the auspices of the court-appointed liquidating trustee, and Prime allege that the Defendants, all 65 participants in the Blue Cross Blue Shield Association's illegal agreements, violated the California Cartwright Act and California Unfair Competition Law, among other state antitrust laws, and harmed Plaintiffs. More specifically, Plaintiffs allege that Defendants, while purporting to be separate entities in competition with one another, made agreements not to compete with one another in geographic regions when negotiating with hospital systems to create covered networks of hospitals for health plans. As a result, Defendants decreased the amounts that Plaintiffs received for services provided to Blue Cross or Blue Shield covered patients during the relevant time period. No federal claims were pled and California defendants are present in the action; thus, neither federal question nor diversity jurisdiction exists. Undaunted, Defendants seek to use the bankruptcy removal statute solely as a vehicle get the case into federal court in Alabama—something that would not otherwise be possible.

This case should be remanded to Alameda County Superior Court for two independent reasons: First, this Court lacks subject matter jurisdiction because the Superior Court Action is not "related to" a bankruptcy within the meaning of 28 U.S.C. § 1334, and this Court has no other

basis for federal jurisdiction; and second, even if the Court did have subject matter jurisdiction, all of the equitable factors support remand.

Verity is the liquidating trust created pursuant to the confirmed bankruptcy plan (the "Plan") in Case No. 2:18-bk-20151-ER in the United States Bankruptcy Court for the Central District of California. Among other assets, Verity received "Causes of Action" from the Debtor, described at Section 13.9, of the confirmed plan as "any claims or Causes of Action of the Debtors that are not settled with respect to Allowed Claims or specifically waived or relinquished by this Plain, which shall vest in the Liquidating Trust [Verity] …." As stated at Section 13.9, subparagraph (b) of the Plan, "the Liquidating Trustee shall retain and have the exclusive right to prosecute, abandon, settle or release any or all Causes of Action without the need to obtain approval or further relief from the Bankruptcy Court." The Superior Court Action's causes of action are not specifically enumerated in the confirmed Plan, but generally are "arising from claims against health plans" as described at Section 13.9(a)(ix) of the Plan. Per the confirmed Plan,

> The primary purpose of the Liquidating Trust shall be the liquidation and distribution of its assets, in accordance with 26 C.F.R. § 301.7701-4(d). The primary functions of the Liquidating Trust are as follows: (i) to liquidate, sell, or dispose of the Trust Assets; (ii) to cause all net proceeds of the Trust Assets, including proceeds of Causes of Action on behalf of the Liquidating Trust, to be deposited into the Liquidating Trust; (iii) to initiate actions to resolve any remaining issues regarding the allowance and payment of Claims including, as necessary, initiation and/or participation in proceedings before the Court; (iv) to take such actions as are necessary or useful to maximize the value of the Liquidating Trust; (v) to effectuate the wind-down of the Debtors as set forth in the Plan; and (vi) to make the payments and distributions to Holders of Allowed Claims, including Trust Beneficiaries, as required by the Plan.

(Ryan Declaration Ex. 1, § 6.2 (Emphasis added).) Accordingly, Verity, as directed by the liquidating trustee, pursued the Causes of Action in a manner determined by the trustee to "maximize the value of the Liquidating Trust."

Prime, as more fully described in the First Amended Complaint at paragraphs 120-122, is a hospital system that the Defendants harmed in a similar way to Verity.

The defendants, who are foreigners to the bankruptcy proceeding and have no interest in the health of the estate, do not want to be in Alameda Superior Court, which is the venue carefully chosen by the liquidating trustee. Thus, upon being served with the First Amended Complaint,

Defendants elected to remove the case to this Court, relying upon 28 U.S.C. § 1334 for subject matter jurisdiction, alleging that the Superior Court Action is "related to" the Verity bankruptcy. Defendants did so with the unabashed intention to try and transfer this case to a pending Federal Multi District Litigation in Alabama, MDL No. 2406, styled *In re: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION*—a venue the defendants clearly prefer over Northern California.

The removal is improvident and contrary to law. Defendants have no other federal jurisdiction for Plaintiffs' exclusively state law claims; thus, without a proper legal basis, they resort to wielding the bankruptcy removal process as a sword against both the Creditors and Debtors in the Verity bankruptcy, corrupting the shield that removal was meant to be. Rather than allowing the bankruptcy plan to be efficiently administered by the trustee in the manner he deemed most appropriate (and without further needed supervision of the Bankruptcy Court in doing so), Defendants, strangers to the bankruptcy, are using it merely to create a stepping stone to ferry an otherwise exclusively state-law piece of litigation to a federal MDL. This Court should not countenance such corruption of the bankruptcy removal process, and should remand the Superior Court Action back to Alameda County Superior Court.

## II. ARGUMENT

### A. Legal Standard for Remand

A bankruptcy court's power to remand is provided in 28 U.S.C. § 1452(b). *McCarthy v. Prince (In re McCarthy)*, 230 B.R. 414, 417 (BAP 9th Cir. 1999). In addition to situations where the Court simply lacks subject matter jurisdiciton, as is the case here, this section also provides that a court to which an action is removed may remand the action on "any equitable ground." 28 U.S.C. § 1452(b). The "any equitable ground" standard is an "unusually broad grant of authority" which "subsumes and reaches beyond all of the reasons for remand under the nonbankruptcy removal statutes." *McCarthy*, 230 B.R. at 417. In other words, "Congress, when it added § 1452 to the Judicial Code chapter on removal of cases from state courts . . . meant to enlarge, not to rein in, federal trial court removal/remand authority for claims related to bankruptcy cases." *Things Remembered v. Petrarca*, 516 U.S. 124, 131-32 (1995).

Courts in the Ninth Circuit have typically identified seven factors governing the decision to

remand: (1) the effect of the action on the administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty of applicable state law; (4) comity; (5) the relatedness or remoteness of the action to the bankruptcy case; (6) the existence of a right to a jury trial; and (7) prejudice to the party involuntarily removed from state court. *Hopkins v. Plant Insulation Co.*, 349 B.R. 805, 813 (N.D. Cal. 2006), citing *Williams v. Shell Oil,* 169 B.R. 684, 690-93 (S.D. Cal. 1994). The Court in *Maya, Ltd. Liab. Co. v. Cytodyn of N.M., Inc. (In re Cytodyn of N.M., Inc.)*, 374 B.R. 733 (Bankr. C.D. Cal. 2007) ("*Cytodyn*") applied the following additional factors, derived from jurisprudence regarding mandatory and discretionary abstention: "[8] The presence of a related proceeding commenced in state court or other non-bankruptcy court; [9] The jurisdictional basis, if any, other than 28 U.S.C. § 1334; [10] The substance rather than form of an asserted "core" proceeding; [11] The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; [12] The burden on the bankruptcy court's docket; [13] The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; [14] The presence in the proceeding of nondebtor parties."

As courts have noted, the factors governing discretionary remand are substantially the same as the factors governing abstention. *Hopkins v. Plant Insulation Co.,* 349 B.R. 805, 813 (N.D. Cal. 2006); *Citigroup, Inc. v. Pac. Inv. Mgmt. Co. (In re Enron Corp.)*, 296 B.R. 505, 508 n. 2 (C.D. Cal. 2003) ("*Citigroup*"). But in the Ninth Circuit, abstention is not applicable to remand, because after removal there is temporarily no parallel proceeding in state court as required for abstention. *Schulman v. California (In re Lazar)*, 237 F.3d 967, 981 (9th Cir. 2001). "Section 1334(c) abstention should be read in pari materia with section 1452(b) remand." *Id.*, quoting *Security Farms v. International Brotherhood of Teamsters*, 124 F.3d 999, 1009 (9th Cir. 1997). But, "arguably, failure to remand where all of the elements of mandatory abstention are present would be an abuse of the Court's discretion." *Bally Total Fitness Corp. v. Contra Costa Retail Ctr.*, 384 B.R. 566, 570 (Bankr. N.D. Cal. 2008).

Here, all the elements for mandatory abstention are met, notwithstanding abstention being unavailable in the case of removal. More specifically, 28 U.S.C. § 1334(c)(2) states: "Upon timely

motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." The Superior Court Action is a case that Defendants contend is related to a case under title 11 but not arising under title 11, which is based upon State law cause[s] of action, which could not have been commenced in a court of the United States absent "related to" subject matter jurisdiction.

### B. The Court Lacks Subject Matter Jurisdiction Over the Claims at Issue and, Therefore, Must Remand the Superior Court Action

While 28 U.S.C. § 1452(b) provides the Court with an "unusually broad grant of authority" to determine whether remand is appropriate for actions removed under 28 U.S.C. §1452(b), "*a bankruptcy court cannot retain jurisdiction that it does not have.*" *TIG Ins. Co. v. Smolker*, 264 B.R. 661, 665-66 (Bankr. C.D. Cal. 2001) (emphasis in original) (citing *Bethlahmy v. Kuhlman (In re ACI–HDT Supply Co.)*, 205 B.R. 231 (9th Cir. BAP 1997)). "Claims that fall beyond the scope of the bankruptcy court's subject matter jurisdiction must be remanded to state court." *Id.* This Court should rule on subject matter jurisdiction now, because it supersedes the other procedural questions, and judicial economy and consistency would not be aided by waiting for the MDL panel to rule on it instead; the facts relevant to remand are unique to Verity, and the law to be assessed is unique to the bankruptcy court. *Dahiya v. Talmidge Int'l, Ltd.*, 371 F.3d 207, 209–10 (5th Cir. 2004) ("Any order remanding for lack of subject matter jurisdiction necessarily denies all other pending motions, for '[u]nless a federal court possesses subject matter jurisdiction over a dispute, ... any order it makes (other than an order of dismissal or remand) is void.'") *See also Waitt v. Merck & Co.*, No. C05-0759L, 2005 WL 1799740, at *1 (W.D. Wash. July 27, 2005) ("Moreover, plaintiff argues that removal was improper and moves to remand the matter to state court. Merck counters that this Court should not rule on plaintiff's motion to remand, contending that it is for the transferee court in Louisiana to consider. This Court disagrees. … Consequently, the Court will first address plaintiff's motion to remand for lack of subject matter jurisdiction and

then turn to Merck's motion to stay.")

Defendants claim that this Court's jurisdiction derives from 28 U.S.C. §§ 1334 and 157. *In re Resorts International, Inc. et al v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 161 (3d Cir. 2004). "[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). In turn, the district courts may refer "any or all proceedings arising under title 11 or arising in or related to a case under title 11 . . . to the bankruptcy judges for the district." 28 U.S.C. § 157(a).

Bankruptcy court jurisdiction is further broken down between core and non-core proceedings. 28 U.S.C. § 157(b)(1), (c)(1). "Core" proceedings are matters "arising under" and "arising in" cases under title 11. *In re Wood*, 825 F.2d 90, 96 (5th Cir. 1987). Matters "arise under" title 11 if they involve a cause of action created or determined by a statutory provision of title 11. *Id*. Matters "arise in" a bankruptcy if they concern the administration of the bankruptcy case and have no existence outside of the bankruptcy. *Id.* at 97. Bankruptcy judges may hear and determine core proceedings and enter final orders and judgments. 28 U.S.C. § 157(b)(1). "Non-core" proceedings are those that do not depend on the bankruptcy laws for their existence and could proceed in another court even in the absence of bankruptcy. *Wood*, 825 F.2d at 96. Non-core proceedings must be "related to" the bankruptcy case. 28 U.S.C. § 157(c)(1).

But where, as here, a bankruptcy plan has already been confirmed to satisfy "related to" jurisdiction, defendants must demonstrate "a close nexus connecting a proposed post-confirmation proceeding in the bankruptcy court with some demonstrable effect on the debtor or the plan of reorganization." *Laird v. Gianulias*, 2013 WL 4851620, at **2–6 (N.D. Cal. Aug. 12, 2013) (quoting *In re Wilshire Courtyard*, 459 B.R. 416, 430 (B.A.P. 9th Cir.2011)); *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1194 (9th Cir. 2005). Here, Defendants cannot meet the close-nexus test. In cases such as the present one, as a general rule, where there is no debtor involved and instead the proceedings involve a post-confirmation liquidation trust, claims, such as the action filed in Alameda Superior Court, which are only "tangential" to the bankruptcy case will not satisfy the close-nexus test. *In re Pegasus Gold Corp.*, 394 F.3d at 1194 (*citing In re Resorts Int'l, Inc.*, 372

F.3d 154, 166-67 (3d Cir. 2004)) On the other hand, "matters affecting 'the interpretation, implementation, consummation, execution, or administration of the confirmed plan will typically have the requisite close nexus.'" *Id.*

The case of *In re Pegasus Gold Corp.* is informative. In that case, the post-confirmation liquidating trust sued the defendant—which, unlike Defendants here, was a creditor in and party to the underlying bankruptcy case—for various state law claims, as well as alleging that the defendant breached a settlement agreement approved by the bankruptcy court and breached a provision of the confirmed plan. 394 F.3d at 1192-93. Remedies sought in that case included disgorgement of proceeds paid to the defendant pursuant to the bankruptcy court approved settlement agreement, and recission of an agreement entered pursuant to that settlement and the plan. Under those circumstances, the court determined that "[r]esolution of these claims will likely require interpretation of the [bankruptcy court approved settlement agreement] and the Plan." *Id.* at 1194. Accordingly, the court determined that there was a sufficiently "close nexus" between these claims and the bankruptcy case to warrant the exercise of jurisdiction. But in so ruling, the court stated that "[w]e specifically note that in reaching this decision, we are not persuaded by the Appellees' argument that jurisdiction lies because the action could conceivably increase the recovery to the creditors. As the other circuits have noted, such a rationale could endlessly stretch a bankruptcy court's jurisdiction." *Id.* fn. 1. "At the post-confirmation stage, the claim must affect an integral aspect of the bankruptcy process–there must be a close nexus to the bankruptcy plan or proceeding." *In re Resorts Int'l*, 372 F.3d at 167.

The *Pegasus Gold Corp.* court distinguished the facts of that case with those in *In re Resorts Int'l, Inc.*, in which the court held that there was no post-confirmation jurisdiction over an accounting malpractice action where there was no need "to interpret or construe the Plan or the incorporated Litigation Trust Agreement." *Id.* at 170. In that case, while explaining when a post-confirmation trust's actions have a sufficiently "close nexus" to provide for subject matter jurisdiction, the court noted: "[where] the resolution of the dispute would require more than merely interpreting the plan's terms, … bankruptcy court jurisdiction does not extend to a 'major suit' brought by the trust against non-parties to the bankruptcy or to any closely related

proceeding." *Id.* at 168 (citing *Falise v. Am. Tobacco Co.*, 241 B.R. 48 (E.D.N.Y.1999) (Emphasis added)).

Here, the claims at issue in the Superior Court Action do not affect "the interpretation, implementation, consummation, execution, or administration of the confirmed plan" as is required for there to be a close nexus to the bankruptcy, and, therefore, the Court does not have subject matter jurisdiction under 28 U.S.C. § 1334. Accordingly, the removed action is not "related to" a bankruptcy and must be remanded back to state court. *Bethlahmy v. Kuhlman (In re ACI–HDT Supply Co.)*, 205 B.R. 231 (9th Cir. BAP 1997). Thus, as a matter of law, this Court must remand the case and take no further action.

**C. Even if the Court had Subject Matter Jurisdiction, Application of the Equitable Factors Applied in the Ninth Circuit Mandates Remand**

As set forth below, the uncontested facts of this case demonstrate that under the applicable factors of *Hopkins* and *Shell Oil*, as well as the additional factors of *Cytodyn*, the Superior Court Action should be remanded.

**1. The Effect or Lack Thereof on the Efficient Administration of the Estate if a Court Recommends Remand**

On August 14, 2020, the United States Bankruptcy Court – Central District of California confirmed Verity Health System of California, Inc.'s "Modified Second Amended Joint Chapter 11 Plan of Liquidation (Dated July 2, 2020) of Debtors, the Prepetition Secured Creditors, and the Committee," there Docket No. 5466. (Ryan Declaration Ex. 1.) Indeed, and more specifically, that plan allows the liquidating trustee, here Verity, to

> perform the duties, exercise the powers, and assert the rights of a trustee under §§ 704 and 1106, including, without limitation, commencing, prosecuting or settling Causes of Action, enforcing contracts, and asserting claims, defenses, offsets and privileges and shall be deemed substituted as plaintiff therein ***without need for any further order of the Bankruptcy Court*** and shall have all of the standing, rights, powers and obligations of the Debtors and the Non-Debtor Affiliates for all purposes with respect to the Liquidating Trust Assets

(Ryan Declaration Ex. 1, § 6.5(b)(iii), p. 37.)

In situations such as this, the efficient administration of the estate element militates in

favor of remand. Indeed, Defendants are seeking to sidestep the bankruptcy anyway, and instead aim to transfer the case to an unrelated MDL. "Bally contends that remand will have a negative effect on the administration of its bankruptcy case. . . . Since the Plan has already been confirmed, Bally's argument is particularly unpersuasive. . . . [A]fter confirmation, strictly speaking, there is no further bankruptcy estate." *Bally Total Fitness Corp. v. Contra Costa Retail Ctr.*, 384 B.R. 566, 572 (Bankr. N.D. Cal. 2008). This factor favors remand.

### 2. The Extent to Which State Law Issues Predominate Over Bankruptcy Issues

As in *Cytodyn*, this factor "weighs strongly in favor of remand" because Plaintiffs' case "consists to an overwhelming degree of California state law issues"—*i.e.*, the California Cartwright Act and California's Unfair Competition Law. *See Cytodyn*, 374 B.R. at 739 ("The proceeding consist[ed] to an overwhelming degree of California state law issues" because it arose under California statutes and common law); *see also Tucson Estates*, 912 F.2d 1162, 1169 (9th Cir. 1990) ("state law issues predominate[d] over bankruptcy issues" because liability arose under California statutory and common law).

Plaintiffs' complaint seeks relief based on Defendants (1) California Horizontal Market Allocation; (2) California Horizontal Price Fixing and Boycott; (3) California Horizontal Unlawful Exchange of Competitively Sensitive Business Information; (4) California Unfair Competition; (5-13) violations of other states' antitrust laws. These causes of action are based solely on state law, predominantly the law of California where Plaintiffs properly filed the case.

### 3. The Difficulty or Unsettled Nature of the Applicable Law

Here, the state law issues are difficult. Alameda County Superior Court has already designated this case complex. (Ryan Declaration Ex. 2.) The case concerns the application of primarily California's antitrust laws, a technical area of law, to a wide-ranging set of defendants. The Alameda County Superior Court Complex Division is properly situated to efficiently conduct this California focused litigation.

### 4. Comity

"Comity dictates that California courts should have the rights to adjudicate the exclusively

2854.003/1663623.6
Case: 21-04034    Doc# 83-1    Filed: 10/01/21    Entered: 10/01/21 16:58:46    Page 14 of 19
14
PLAINTIFFS' MOTION TO REMAND

state law claims involving California-centric plaintiffs and California-centric transactions." *Citigroup*, 296 B.R. at 509; *accord Bally Total Fitness Corp.*, 384 B.R. at 573 ("General principles of comity support permitting issues of state law to be determined by the state court absent other factors dictating otherwise."). The case at bar involves California claims between California-based parties. As such, this factor favors remand.

### 5. The Relatedness or Remoteness of the Action to the Bankruptcy Case

This factor turns upon "whether the adversary proceeding" implicates the bankruptcy court's "core" jurisdiction, or whether it is "non-core." *Cytodyn*, 374 B.R. at 740. For the reasons discussed above, the claims at issue in the Superior Court Action are not sufficiently "related to" the bankruptcy case to establish bankruptcy court jurisdiction. But even if the Court determines that the Superior Court Action is "related to" the bankruptcy case, the action involves only non-core claims. The existence of "non-core" claims weighs strongly in favor of remand. *Id.* The case at bar exclusively involves "non-core" claims. *See* 28 U.S.C. § 157(b).

Defendants' Notice of Removal asserts the case is "related to" Verity Health Systems, Inc.'s chapter 11 case. Defendants do not address whether the claims in the Superior Court Action are "core." "Proceedings are non-core if they do not invoke a substantive right provided by the Bankruptcy Code and do not involve theories that could only arise in a bankruptcy case." *Momentum Telecom, Inc. v. Peering Partners Commc'ns, LLC*, Case No. 2:11-CV-01336-KJD-CWH, 5-6 (D. Nev. Jan. 13, 2012). Accordingly, because this case arises from state substantive law, and not the bankruptcy code, this dispute is non-core.

Because the Superior Court Action is not a core proceeding arising in or under Title 11, federal court is not the more appropriate forum for resolution of the claims at issue in the Superior Court Action. There is no connection here sufficient to warrant the exercise of federal jurisdiction. *See, e.g., In re Etheridge*, 2006 WL 4528540, at *4 (Bankr. D. Or. Jul. 21, 2006) ("where a suit is not based in federal law and is only tangentially related to a bankruptcy, it is appropriate, for reasons of comity and pragmatism, to remand the case to the more experienced state forum."); *see also In re Donington, Karcher, Salmond, Ronan & Pianone, P.A.*, 194 B.R. 750, 760 (D.N.J. 1996) ("[T]he claims in both the Burke Action and the Third-party Action relate to the Debtor's

bankruptcy proceeding only tangentially. Therefore, these equitable factors compel the conclusion that the remand of this action is appropriate under the doctrines of permissive abstention and equitable remand").

Accordingly, this factor weighs in favor of remand.

### 6. The Existence of a Right to a Jury Trial

Verity has demanded a jury trial in the Superior Court Action and Plaintiffs have a right to a jury trial on their state law causes of action. Because any jury trial would have to be conducted outside of the bankruptcy court even if the Court determined it has "related to" jurisdiction over the case, this factor weighs in Plaintiffs' favor of remand. *See City of Moreno Valley, CA. v. Century-TCI CA., L.P.*, 2003 WL 22126450 (C.D. Cal. Mar. 21, 2003) (noting that remand was appropriate in part because "this is a case where the parties are entitled to a jury trial," and stating that "[s]ince the action is not a core proceeding, the bankruptcy judge will be required to submit proposed findings of fact and conclusions of law to a district court for de novo review . . . . In other words, the case ultimately would have to be determined outside of the bankruptcy court, and thus judicial economy favors remand.").

### 7. Prejudice to the Party Involuntarily Removed from State Court

Defendants prejudiced Plaintiffs by removing the Superior Court Action to bankruptcy court, particularly because Defendants did so with the specific intention of forum shopping a case with no federal court jurisdiction into position where it could be transferred into a federal Multidistrict Litigation pending in Alabama. Plaintiffs selected a California State Court to adjudicate its claims sounding in California Law, brought against defendants headquartered in the location of the Superior Court. Additionally, Prime's causes of action never came into contact with a bankruptcy court at all. To force Prime to pursue its claims in a federal court, whether here in the Bankruptcy Court or in the Alabama MDL, would unduly prejudicial and inequitable to Prime.

### 8. The Presence of a Related Proceeding Commenced in State Court or Other Non-Bankruptcy Court

Verity is actively litigating its Causes of Action not only in this case, but also in another

California State Court case pending in San Francisco Superior Court. More specifically, Verity filed suit against a number of defendants (including Defendants BLUE CROSS OF CALIFORNIA, ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, CALIFORNIA PHYSICIANS' SERVICE d/b/a BLUE SHIELD OF CALIFORNIA, and the BLUE CROSS AND BLUE SHIELD ASSOCIATION) in *VHS Liquidating Trust v. Multiplan Corporation* et al., San Francisco Superior Court Case No. CGC-21-594966. Accordingly, this factor favors remand.

### 9. The Jurisdictional Basis, If Any, Other Than 28 U.S.C. § 1334

This factor supports remand unless an independent basis exists for federal court subject matter jurisdiction such as "complete diversity" of citizenship. *Cytodyn*, 374 B.R. at 739–40. Here, both a Plaintiff and a Defendant are domiciled in California and the case does not arise under federal law, and is not a class action. There is no independent source of federal jurisdiction other than purportedly bankruptcy removal of an action related to a bankruptcy. Thus, this factor weighs in favor of remand.

### 10. The Substance Rather Than Form of an Asserted "Core" Proceeding

The causes of action in this action are "non-core" as discussed above, and Defendants have not yet asserted that they are in fact "core." This factor weighs in favor of remand.

### 11. The Feasibility of Severing State Law Claims From Core Bankruptcy Matters to Allow Judgments to Be Entered in State Court With Enforcement Left to the Bankruptcy Court

There is "no valid reason why a judgment obtained in state court" governed by state statutory and common law "could not be brought back to bankruptcy court for enforcement as part of the chapter 11 case." *Cytodyn*, 374 B.R. at 740. As the *Tucson Estates* court noted, "[t]he issue that [wa]s disputed [in that case] . . . [wa]s governed by state law . . . and need not be resolved by a federal court" because the case could be brought back to the bankruptcy court for enforcement. *Tucson Estates*, 912 F.2d at 1168. "Although the decision" on the plaintiff's claims would "effect significantly the bankruptcy estate's value, and the value of the claims asserted against it," remand of the state law issues to the state court present no problems because the state law issues "are distinct from the administration of the bankruptcy estate." *Id.*

And so it is here. There being no core bankruptcy matters in the case, the entire case should be remanded to state court, so that the value of the claims can be realized in state court and then returned to this Court for enforcement. This is the most expeditious way to enhance the value of the estate, not sending the case to an unwieldy MDL, where Plaintiffs' case would be just one of many.

### 12. The Burden on the Bankruptcy Court's Docket

Prosecution of an entire piece of antitrust litigation based on state law would have a substantial impact on the Bankruptcy Court's docket, in the event that Defendants' blatant forum shopping did not result in the removed action being transferred into a federal multidistrict litigation. The case will require substantial judicial oversight and resources, as held by Alameda Superior Court in designating the Superior Court Action as complex. (Ryan Declaration Ex. 2.)

### 13. The Likelihood That the Commencement of the Proceeding in Bankruptcy Court Involves Forum Shopping by One of the Parties

Defendants—utter strangers to the bankruptcy—removed this case to the bankruptcy court not in an effort to efficiently conduct a bankruptcy, but rather merely as pretense to move an otherwise exclusively state court case without any federal jurisdiction into a federal court, any federal court, so that Defendants could then seek to transfer the action into a pending federal MDL in Alabama. Defendants admitted that the purpose of the removal was to forum shop in this way. The Superior Court Action has no relationship to any bankruptcy case, but for the fact that plaintiff Verity is the liquidation trust established by a chapter 11 plan confirmed over a year ago and vested with the authority to pursue certain causes of action. The trustee was vested by the bankruptcy court in the Plan with the authority to maximize the value of the estate by picking whether, when, and where to pursue the estate's Causes of Action. It properly chose Alameda Superior Court, and that choice should be respected.

### 14. The Presence in the Proceeding of Nondebtor Parties

The proceeding involves both nondebtor and noncreditor Plaintiffs and Defendants. This factor favors remand.

## III. CONCLUSION

The Court should remand because there is no jurisdiction sufficient to warrant removal of the Superior Court Action to this Court. Alternatively, all 14 equitable factors favor remand here. Based on all of the foregoing, the Court should grant the Motion and remand this case back to Alameda County Superior Court's complex division, which is the appropriate forum to expeditiously seek the maximum recovery for the estate.

DATED: October 1, 2021

BARTKO ZANKEL BUNZEL & MILLER
A Professional Law Corporation

By:     */s/ Sean R. McTigue*
Sean R. McTigue
Attorneys for Plaintiff VHS LIQUIDATING TRUST, PRIME HEALTHCARE SERVICES, INC., PRIME HEALTHCARE FOUNDATION, INC. and PRIME HEALTHCARE MANAGEMENT, INC.