PATRICK M. RYAN (SBN 203215)
  pryan@bzbm.com
C. GRIFFITH TOWLE (SBN 146401)
  gtowle@bzbm.com
JOHN F. McLEAN (SBN 55914)
  jmclean@bzbm.com
OLIVER Q. DUNLAP (SBN 225566)
  odunlap@bzbm.com
SEAN R. McTIGUE (SBN 286839)
  smctigue@bzbm.com
BARTKO ZANKEL BUNZEL & MILLER
A Professional Law Corporation
One Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile:  (415) 956-1152

Attorneys for Plaintiffs
VHS LIQUIDATING TRUST, PRIME
HEALTHCARE SERVICES, INC., PRIME
HEALTHCARE FOUNDATION, INC. and
PRIME HEALTHCARE MANAGEMENT, INC.

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| VHS LIQUIDATING TRUST, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BLUE CROSS OF CALIFORNIA, et al., <br><br> Defendant. | Adv. Proc. No. 4:21-ap-4034 <br><br> The Hon. Judge Charles Novack <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT BLUE CROSS OF CALIFORNIA'S MOTION TO STAY PROCEEDINGS PENDING FINAL RULING BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION** <br><br> **Date:** November 12, 2021 <br> **Time:** 11:00 a.m. <br> **Dept.:** 215 <br><br> Removed from the Superior Court of the State of California, County of Alameda <br> (Case No. RG21106600) <br><br> ACTION FILED IN ALAMEDA SUPERIOR COURT:  July 27, 2021 <br><br> COMPLAINT SERVED ON:  August 23, 2021 (earliest date a Defendant was served) <br><br> NOTICE OF REMOVAL FILED: September 22, 2021 |

2854.003/1670568.9                                                    1

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING FINAL
RULING BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 6 |
| II. | ANALYSIS | 8 |
| | A. Courts in this Circuit Recognize that Motions to Stay Remand Motions Should Rarely Be Granted and Have Adopted Two Competing Tests | 8 |
| | B. Elements of the *Conroy-Meyers* Test | 11 |
| | C. Defendants Fail All Three of the Elements of the *Conroy-Meyers* Taxonomy and the Single Threshold Element of the *Rivers* Test Applicable in Remand Cases | 13 |
| |    1. A Preliminary Assessment Reveals that Removal Was Improper | 13 |
| |    2. The Subject Matter Jurisdiction Question at Issue Here Is Not Identical or Similar to Issues Faced by the MDL Court | 15 |
| |    3. Determination of Subject Matter Jurisdiction Depends on the Court's Interpretation of Bankruptcy Law Which a Bankruptcy Court Is Best Equipped to Address | 16 |
| | D. The Cases Relied on By Defendants Support Plaintiffs' Arguments | 18 |
| III. | CONCLUSION | 20 |

2854.003/1670568.9

2

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING FINAL RULING BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Case: 21-04034    Doc# 105    Filed: 10/29/21    Entered: 10/29/21 16:42:05    Page 2 of 20

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alaska v. Abbot Labs*
   2007 WL 7538021 (D. Alaska Jan. 22, 2007)...............................................................................8

*Am Fire & Cas. Co. v. Finn*
   341 U.S. 6 (1951) ........................................................................................................................14

*Barlow & Peek, Inc.*
   163 B.R. 177 (D. Nev. Bank. 1993) ....................................................................................13, 17

*In re Caesars Ent. Op'g Co., Inc.*
   588 B.R. 233 (9th Cir. Bank. 2018) .............................................................................................8

*City of Corona v. 3M Co.*
   2021 WL 3829700 (C.D. Cal. Aug. 27, 2021) .....................................................................*passim*

*Conroy v. Fresh Del Monte Produce, Inc.*
   325 F. Supp. 2d 1049 (C.D. Cal. 2004)................................................................................*passim*

*Dekalb v. C.R. Bard, Inc.*
   2013 WL 12146518 (C.D. Cal. Oct. 8, 2013) ............................................................................11

*Dent v. Lopez*
   2014 WL 3615784 (E.D. Cal. July 22, 2014) ........................................................................9, 11

*Doman Protection, LLC v. Sea Wasp, LLC*
   2018 WL 5809298 (N.D. Tex. Nov. 6, 2018) ................................................................13, 17, 18

*Franklin v. Eisner*
   1996 WL 406795 (N.D. Cal. July 12, 1996) ..............................................................................14

*Goodwin v. Kajian*
   2013 WL 1528966 (C.D. Cal. April 12, 2013) ....................................................................*passim*

*Goodwin v. Kajian*
   2013 WL 6141083 (April 5, 2013) .............................................................................................16

*Hamzey v. Bayer Corp.*
   2010 WL 2011529 (S.D. Cal. May 19, 2010) ............................................................................12

*In re Heller Ehrman LLP*
   464 B.R. 348 (N.D. Cal. 2011)...............................................................................................13, 17

2854.003/1670568.9     3

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING FINAL RULING BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Case: 21-04034    Doc#: 105    Filed: 10/29/21    Entered: 10/29/21 16:42:05    Page 3 of 20

*Jenkins v. Oakhurst Dev., LLC*
    2009 WL 1473960 (S.D. W. Va. May 22, 2009) ................................................................ 18

*In re LandAmerica Fin. Group, Inc.*
    2011 WL 203986 (E.D. Va. Jan. 21, 2001) ...................................................................... 18

*Marquette Transp. Co. v. Trinity Marine Prods., Inc.*
    2006 WL 2349461 (E.D. La. Aug. 11, 2006 ..................................................................... 17

*Ex parte McCardle*
    74 U.S. (7 Wall.) 506 (1868) ............................................................................................. 8

*MD Acquisition, LLC v. Myers*
    2009 WL 466383 (E.D. Ohio Feb. 23, 2009) ............................................................ *passim*

*Meyers v. Bayer AG*
    143 F. Supp. 2d 1044 (E.D. Wis. 2001) .................................................................... *passim*

*Mills v. TexAmerican Food Blending, Inc.*
    2008 WL 11383493 (N.D. Ala. Aug. 28, 2009) ................................................................. 9

*Orix Fin. Corp. v. Nexbank, SSB*
    2008 WL 2796069 (N.D. Tex. July 15, 2008) (Boyle, J.) ................................................. 17

*Pac. Inv. Mgmt. Co. v. Am. Int'l Group, Inc.*
    2015 WL 3631833 (C.D. Cal. June 10, 2015) .................................................................... 9

*Pecoraro v. Sanghei-Kim*
    2013 WL 12131267 (C.D. Cal. July 10, 2013) ......................................................... *passim*

*In re Pegasus Gold Corp.*
    394 F.3d 1189 (9th Cir. 2005) ......................................................................................... 14

*Poarch Band of Creek Indians v. Amneal Pharm., LLC*
    2020 WL 3833009 (S.D. Ala. July 8, 2020) ............................................................. *passim*

*Potter v. Hughes*
    546 F.3d 1051 (9th Cir. 2008) ........................................................................................... 8

*Price v. Seterus, Inc.*
    2016 WL 1392331 (N.D. Ill. April 8, 2016) .................................................................... 18

*In re Resorts Int'l, Inc.*
    372 F.3d 154 (3d Cir. 2004) ............................................................................................ 14

*Rice v. Regions Bank*
    2009 WL 10688449 (N.D. Ala. May 5, 2009) ................................................................... 9

*Rivers v. Walt Disney Co.*
    980 F. Supp. 1358 (C.D. Cal. 1997) ................................................................ 9, 10, 11, 13

2854.003/1670568.9                                4
PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING FINAL
RULING BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Case: 21-04034   Doc# 105   Filed: 10/29/21   Entered: 10/29/21 16:42:05   Page 4 of 20

*Rubio v. Arndal*
    2013 WL 796669 (E.D. Cal. Mar. 4, 2013) ................................................................. passim

*Ruhrgas AG v. Marathon Oil Co.*
    526 U.S. 574 (1999) ................................................................................................... 8, 14

*Rundle v. DePuy Orthopaedics, Inc.*
    2011 WL 3022569 (D. Nev. July 6, 2011) ................................................................ passim

*Schreiber v. Regions Fin. Corp.*
    2009 WL 10703161 (N.D. Ala. Sept. 11, 2009) ................................................................. 9

*SEC v. U.S. Realty & Imp. Co.*
    310 U.S. 434 (1940) ...................................................................................................... 7, 8

*Seiko Epson Corp. v. Koshkalda*
    2018 WL 5982870 (N.D. Cal. Nov. 14, 2018) ............................................................. 7, 17

*Steel Co. v. Citizens for a Better Env't*
    523 U.S. 83 (1998) ............................................................................................................ 8

*Tortola Restaurants, LP. v. Kimberly-Clark Corp.*
    987 F. Supp. 1186 (N.D. Cal. 1997) ............................................................................... 15

*Traylor v. First Family Fin. Servs., Inc.*
    183 B.R. 286 (M.D. Ala. 1995) ...................................................................................... 17

*Tucson Med. Ctr. v. Purdue Pharma LP*
    2018 WL 6629659 (D. Ariz. Dec. 19, 2018) .................................................................. 10

*Villarreal v. Chrysler Corp.*
    1996 WL 116832 (N.D. Cal. Mar.12, 1996) ................................................................... 11

*In re Wilshire Courtyard*
    459 B.R. 416 (9th Cir. Bank. 2011) ................................................................................ 14

*In re Wilshire Courtyard*
    729 F.3d 1279 (9th Cir. 2013) ........................................................................................ 14

**Statutes**

28 U.S.C.
    § 1334 .................................................................................................................. 15, 17, 18
    § 1404(a) ......................................................................................................................... 11
    § 1407 ................................................................................................................................ 6
    § 1447(c) ........................................................................................................................... 8

Bankruptcy Law ........................................................................................................................ 16

2854.003/1670568.9      5

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING FINAL
RULING BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Case: 21-04034    Doc# 105    Filed: 10/29/21    Entered: 10/29/21 16:42:05    Page 5 of 20

## I. INTRODUCTION

The purpose of the multidistrict litigation process is to maximize the efficient use of judicial resources. When asking a court to stay ruling on a motion to remand, both tests applied in the Ninth Circuit turn on whether it would be more efficient to have the MDL court rule—due to multiple cases raising the same jurisdictional issues—or for the transferor court to rule on remand in advance of transfer. Here, ruling on the motion to remand not only avoids burdening the docket of the MDL Court, but also will help facilitate a ruling on the Motion to Vacate currently pending before the JPML. This Bankruptcy Court is the proper gatekeeper to determine whether this non-diverse, state court litigation ought to be in federal court—a determination that turns on foundational principles of bankruptcy law. For the reasons set forth in the Motion to Remand, this case should be remanded, and that motion ought to be ruled on before the JPML must rule on the Motion to Vacate the Conditional Transfer Order.

Defendants do not cite to the applicable test that governs a motion to stay in a case such as this one. Defendants assert that courts "routinely stay cases pending resolution by the JPML of a motion to transfer pursuant to 28 U.S.C. § 1407." (Defendants' Memo of Points and Authorities in Support of Motion to Stay Proceedings ("Motion to Stay") at 13:24-25.) While this is true in ordinary cases where federal jurisdiction is *not* in doubt, Defendants fail to cite the rules that govern cases where a motion to remand has been filed. As Judge Wilson recently recognized, in this context, our courts "have employed two tests," which employ "slightly different formulations." *City of Corona v. 3M Co.*, 2021 WL 3829700, at *2 (C.D. Cal. Aug. 27, 2021). But "[d]espite their slightly different formulations, both tests focus on the same essential inquiry: how similar is the jurisdictional issue in the instant case to cases that are or will be in the MDL?" *Id.* This is so because the driving motive of a court in this situation is "the interest[s] of judicial economy." (Motion to Stay at 17:22-23.) Thus, a stay is permitted only in cases where "the *remand* issue"—not the *merits* issues presented by the case—"is highly similar to cases in the MDL" because "judicial economy counsels in favor of a stay so that, if transferred, the MDL court can resolve all the related issues together." *City of Corona*, 2021 WL 3829700, at *2 (emphasis added). But "if the remand issue is unique to the case at hand, no efficiencies are achieved through

2854.003/1670568.9 6

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING FINAL RULING BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Case: 21-04034   Doc# 105   Filed: 10/29/21   Entered: 10/29/21 16:42:05   Page 6 of 20

1 | transfer" and "there is no basis for a stay." *Id.* at *2-*3.

2 | Moreover, even when the remand question is presented by other cases in the MDL, interests of judicial economy bar a stay when the "determination of subject matter jurisdiction . . . depends on the court's interpretation of [a field of law that it] is generally better equipped to address than the MDL court." *Rundle v. DePuy Orthopaedics, Inc.*, 2011 WL 3022569, at *1 (D. Nev. July 6, 2011). And it is axiomatic that when alternative federal forums are available to decide questions of bankruptcy law, "the Bankruptcy Court's knowledge of bankruptcy law . . . weigh[s] in favor of keeping the matter with the bankruptcy judge." *Seiko Epson Corp. v. Koshkalda*, 2018 WL 5982870, at *4 (N.D. Cal. Nov. 14, 2018). For this reason, Congress entrusted every federal bankruptcy Court with the gatekeeping function of "protecting its own jurisdiction from misuse." *SEC v. U.S. Realty & Imp. Co.*, 310 U.S. 434, 456 (1940).

The case at bar presents two jurisdictional questions—whether subject matter jurisdiction exists under the "related to" jurisdiction of the bankruptcy court and, even *if* such jurisdiction exists, should the case be returned to the state court under equitable remand. Both of these questions are "unique to the case at hand" and do *not* "arise in other cases in the MDL." *See City of Corona*, 2021 WL 3829700, at *2-*3. Furthermore, resolution of these issues "depends on the court's interpretation of [a field of law]"—bankruptcy law—that it "is generally better equipped to address than the MDL court." *See Rundle*, 2011 WL 3022569, at *1. As such, this Court's constitutional gatekeeping duty to "protect[] its own jurisdiction from misuse" is implicated. *See U.S. Realty & Imp. Co.*, 310 U.S. at 456. Thus, for these reasons, "no efficiencies [would be] achieved through transfer" and as such "there is no basis for a stay" as a matter of law. *See City of Corona*, 2021 WL 3829700, at *2-*3.

Tellingly, Defendants' Notice of Potential Tag-Along Action filed with the JPML failed to identify any of these facts and governing law. For this reason, in addition to opposing Defendants' motion to stay, Plaintiffs have moved the JPML to vacate the conditional transfer order. But in any event, black-letter law dictates that Defendants' motion to stay must be denied.

2854.003/1670568.9

7

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING FINAL RULING BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Case: 21-04034 Doc#: 105 Filed: 10/29/21 Entered: 10/29/21 16:42:05 Page 7 of 20

## II. ANALYSIS

**A. Courts in this Circuit Recognize that Motions to Stay Remand Motions Should Rarely Be Granted and Have Adopted Two Competing Tests**

Our Circuit recognizes that "[m]ost courts, when faced with concurrent motions to remand and transfer, resolve the motion to remand prior to, and/or to the exclusion of, the motion to transfer" and it "[o]nly in rare circumstances should transfer motions be considered before remand motions." *In re Caesars Ent. Op'g Co., Inc.*, 588 B.R. 233, 237 (9th Cir. Bank. 2018). This is so because "[j]urisdiction is power to declare the law" and "[w]ithout jurisdiction [a] court cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)). Thus, "[i]t is axiomatic that a federal court should give priority to jurisdictional issues, because if there is no jurisdiction, the court has no authority to sit in judgment on anything else." *Alaska v. Abbot Labs*, 2007 WL 7538021, at *2 (D. Alaska Jan. 22, 2007) (citing 28 U.S.C. § 1447(c)). Specifically, Congress entrusted every federal bankruptcy Court with the gatekeeping function of "protecting its own jurisdiction from misuse." *U.S. Realty & Imp. Co.*, 310 U.S. at 456. As such, "it is in the interest of judicial economy to decide issues of jurisdiction as early in the litigation process as possible" because "[i]f federal jurisdiction does not exist, the case can be remanded before federal resources are further expended." *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1054 (C.D. Cal. 2004).

Despite these proscriptions, "'the absolute purity' of the [subject matter] jurisdiction-first rule ha[s] been diluted in a few *extraordinary* cases." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (emphasis added) (quoting *Steel Co.*, 523 U.S. at 101). But as the Ninth Circuit Bankruptcy Appellate Panel has held, such cases represent the extreme exception and "[o]nly in rare circumstances should transfer motions be considered before remand motions." *In re Caesars Ent. Op'g Co., Inc.*, 588 B.R. at 237. Thus, "federal courts normally must resolve questions of subject matter jurisdiction before reaching other threshold issues." *Potter v. Hughes*, 546 F.3d 1051, 1061 (9th Cir. 2008). For this reason, "the great majority of . . . cases in the [Ninth] [C]ircuit" which have "evaluated the issue of sequence" of competing motions to remand and

2854.003/1670568.9      8

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING FINAL RULING BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Case: 21-04034    Doc#: 105    Filed: 10/29/21    Entered: 10/29/21 16:42:05    Page 8 of 20

motions to stay following conditional transfer to an MDL "have, after careful and thorough analysis, concluded that a district court should first address the jurisdictional issue." *Dent v. Lopez*, 2014 WL 3615784, at *4 (E.D. Cal. July 22, 2014) (citing myriad decisions). Accordingly, "[o]nly in rare circumstances should transfer motions be considered before remand motions." *Pac. Inv. Mgmt. Co. v. Am. Int'l Group, Inc.*, 2015 WL 3631833, at *4 (C.D. Cal. June 10, 2015).

As Judge Wilson recently recognized, our courts "have employed two tests for evaluating a motion to stay pending a JPML motion to transfer": the *Conroy-Meyers* test,[1] and the *Rivers* test. *City of Corona*, 2021 WL 3829700, at *2. The *Conroy-Meyers* test—the only test that "focuses specifically on staying a motion on remand"—sets forth three steps:

> (1) the court should give preliminary scrutiny to the merits of the motion to remand. If this preliminary assessment suggests that removal was improper, the court should promptly complete its consideration and remand the case to state court;
>
> (2) if the jurisdictional issue appears factually or legally difficult, the court should determine whether identical or similar jurisdictional issues have been raised in other cases that have been or may be transferred to the MDL proceeding;
>
> (3) if the jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred, the court should stay the action.

*Id.*; *accord e.g.*, *Conroy* 325 F. Supp. 2d at 1053; *Goodwin v. Kajian*, 2013 WL 1528966, at *2 (C.D. Cal. April 12, 2013); *Rubio v. Arndal*, 2013 WL 796669, at *4 (E.D. Cal. Mar. 4, 2013); *Pecoraro v. Sanghei-Kim*, 2013 WL 12131267, at *3 (C.D. Cal. July 10, 2013); *Myers*, 143 F. Supp. 2d at 1049. Moreover, federal district courts in Alabama, the MDL jurisdiction, have adopted this test.[2]

---

[1] Judge Wilson referred to this as test as the "*Myers* test" because it was first promulgated by *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001). *City of Corona*, 2021 WL 3829700, at *2. Federal District Courts in California generally refer to this test as the "*Conroy* test" because Northern District Judge Armstrong's decision in *Conroy* was the first in this state to adopt the test. *See e.g.*, *Pecoraro v. Sanghei-Kim*, 2013 WL 12131267, at *3 (C.D. Cal. July 10, 2013) (citing *Conroy*, 325 F. Supp. 2d at 1053).

[2] *See e.g.*, *Poarch Band of Creek Indians v. Amneal Pharm., LLC*, 2020 WL 3833009, at *4 (S.D. Ala. July 8, 2020); *Rice v. Regions Bank*, 2009 WL 10688449, at *2 (N.D. Ala. May 5, 2009); *Schreiber v. Regions Fin. Corp.*, 2009 WL 10703161, at *3 (N.D. Ala. Sept. 11, 2009); *Mills v. TexAmerican Food Blending, Inc.*, 2008 WL 11383493, at *5 (N.D. Ala. Aug. 28, 2009).

2854.003/1670568.9
9
PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING FINAL RULING BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Case: 21-04034 Doc# 105 Filed: 10/29/21 Entered: 10/29/21 16:42:05 Page 9 of 20

In contrast, the *Rivers* test was not formulated "specifically" to address "staying a motion on remand," but rather motions to stay ordinary pre-trial proceedings after a case has been conditionally transferred to an MDL court. *City of Corona*, 2021 WL 3829700, at *2. In non-remand cases, the *Rivers* test asks the court to consider three factors.[3] But when applied in the remand context, the test "focuse[s ]" on *one* "essential inquiry: how similar is the jurisdictional issue in the instant case to cases that are or will be in the MDL?" *City of Corona*, 2021 WL 3829700, at *2. Specifically, "[i]f the remand issue is highly similar to cases in the MDL, then judicial economy counsels in favor of a stay so that, if transferred, the MDL court can resolve all the related [jurisdictional] issues together." *Id.* But where "**the remand issue is unique to the case at hand**, no efficiencies are achieved through transfer—the same amount of judicial resources must be expended, whether by the transferee court or the MDL court." *Id.* (emphasis added).

In other words, the distinction between the two tests is that courts applying the *Rivers* test employ no "scrutiny to the merits of the remand motion," but focus entirely on *Conroy-Meyers*'s second element—*i.e.*, "whether identical or similar jurisdictional issues have been raised in other cases that have been or may be transferred to the MDL proceeding." *Tucson Med. Ctr. v. Purdue Pharma LP*, 2018 WL 6629659, at *2 (D. Ariz. Dec. 19, 2018) (citing *Rivers*, 980 F. Supp. at 1360, *Meyers*, 143 F.Supp.2d at 1049, and *Conroy*, 325 F.Supp.2d at 1053). Thus, "[d]espite their slightly different formulations, both tests focus on the same essential inquiry"—*i.e.*, whether "the remand issue is highly similar to cases in the MDL" in which case "the MDL court can resolve all the related [jurisdictional] issues together" or whether "the remand issue is unique to the case at hand."[4] *City of Corona*, 2021 WL 3829700, at *2.

---

[3] These factors are "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation." *City of Corona*, 2021 WL 3829700, at *2 (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)).

[4] In addition to these two dominant tests, a few courts in this Circuit have applied a *per se* rule which simply holds that the "historical obligation to determine jurisdiction before taking adjudicative action" imposes a *per se* obligation upon the transferor court to decide the remand issue first because "performing [the *Goodwin-Conroy*] multi-part test to demonstrate how reserving severability and removal issues for an MDL panel's consideration would be preferable

2854.003/1670568.9 10
PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING FINAL RULING BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Case: 21-04034 Doc#: 105 Filed: 10/29/21 Entered: 10/29/21 16:42:05 Page 10 of 20

In this case it is irrelevant which test the Court applies. For the reasons explained below, Defendants cannot satisfy *any* of elements of the *Conroy-Meyers* test. By definition, this means that Defendants cannot satisfy the *Rivers* test which relies on the second element of the *Conroy-Meyers* taxonomy. As such, Defendants' motion to stay fails as a matter of law.

**B.     Elements of the *Conroy-Meyers* Test**

As explained above, the *Conroy-Meyers* test sets forth three steps of analysis for a motion to stay where a motion to remand is pending.

First, "the court should give preliminary scrutiny to the merits of the motion to remand" and "[i]f this preliminary assessment suggests that removal was improper, the court should promptly complete its consideration and remand the case to state court." *City of Corona*, 2021 WL 3829700, at *2; *accord e.g.*, *Conroy* 325 F. Supp. 2d at 1053; *Goodwin*, 2013 WL 1528966, at *2; *Rubio*, 2013 WL 796669, at *4; *Pecoraro*, 2013 WL 12131267, at *3; *Poarch Band*, 2020 WL 3833009, at *4; *Myers*, 143 F. Supp. 2d at 1049. Such "preliminary scrutiny" is required "because the venue statute, 28 U.S.C. § 1404(a), does not vest courts with unlimited power to transfer a civil action to any federal district court." *Conroy* 325 F. Supp. 2d at 1053. Rather, "§ 1404(a) limits transfer of a civil action to 'any other district or division where it might have been brought'" and "[a] district or division is one where the action 'might have been brought' if, among other things, when the action began the proposed transferee district court would have had subject matter jurisdiction over the action." *Id.* (quoting 28 U.S.C. § 1404(a)). Thus, "because a court may only transfer a case to a venue where the case could have been brought originally, questions regarding subject matter jurisdiction must be resolved before any such transfer." *Conroy* 325 F. Supp. 2d at 1053.

Second, "if the jurisdictional issue appears factually or legally difficul," then the court

---

and might function to conserve judicial resources and promote judicial consistency is" itself, by definition "difficult" and wasteful of judicial resources. *Dent*, 2014 WL 3615784, at *4-*5; *accord e.g.*, *Villarreal v. Chrysler Corp.*, 1996 WL 116832, at *1 (N.D. Cal. Mar.12, 1996) (finding "a stay is improper" because "determination" of "the remand issue will facilitate litigation in the appropriate forum"); *Dekalb v. C.R. Bard, Inc.*, 2013 WL 12146518, at *2-*3 (C.D. Cal. Oct. 8, 2013) (same).

2854.003/1670568.9         11
PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING FINAL
RULING BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

should "determine whether identical or similar jurisdictional issues have been raised in other cases that have been or may be transferred to the MDL proceeding." *City of Corona*, 2021 WL 3829700, at *2; *accord e.g.*, *Conroy* 325 F. Supp. 2d at 1053; *Goodwin*, 2013 WL 1528966, at *2; *Rubio*, 2013 WL 796669, at *4; *Pecoraro*, 2013 WL 12131267, at *3; *Poarch Band*, 2020 WL 3833009, at *4; *Myers*, 143 F. Supp. 2d at 1049. This element focuses on "how similar is the jurisdictional issue in the instant case to cases that are or will be in the MDL . . ." *City of Corona*, 2021 WL 3829700, at *2. It is only satisfied when "common subject matter jurisdiction issues" are currently pending before the MDL court. *Rundle*, 2011 WL 3022569, at *4. Thus, "[i]f the remand issue is highly similar to cases in the MDL, then judicial economy counsels in favor of a stay so that, if transferred, the MDL court can resolve all the related issues together" but "if the remand issue is unique to the case at hand . . . there is no basis for a stay." *City of Corona*, 2021 WL 3829700, at *2-*3. But this criteria is not satisfied when "there [i]s no evidence that the MDL court ha[s] previously considered" the specific federal subject matter issue "that was raised by the motion to remand." *Rundle*, 2011 WL 3022569, at *4. This is so because the very purpose of MDL proceedings is to "facilitate the . . . efficient, uniform resolution of pretrial issues **common to <u>all</u>** [the] coordinated [MDL] cases." *Hamzey v. Bayer Corp.*, 2010 WL 2011529, at *2 (S.D. Cal. May 19, 2010) (emphasis added). For this reason the *City of Corona* court denied a motion to stay because the remand motion "raise[d] issues that are unlikely to be shared with other cases in the . . . MDL." *City of Corona*, 2021 WL 3829700, at *3. As such, the defendant "ha[d] not met its burden of establishing that a stay is appropriate" notwithstanding the fact that "given the relatively short length of a potential stay" the court found that a stay would "not . . . work significant prejudice to Plaintiffs." *Id.*

Relatedly, the second element of the *Conroy-Meyers* taxonomy bars a stay when the remand issue turns on an area of law that the court is "readily familiar with" and one that is less familiar to the MDL court. *Conroy* 325 F. Supp. 2d at 1054. For example, the *Conroy* court found that this element required resolution of the remand issue because the existence of federal subject matter jurisdiction turned on questions of "Ninth Circuit and California law" which the Northern District of California was "readily familiar with" and which were less familiar to the MDL court,

2854.003/1670568.9                                     12
PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING FINAL
RULING BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Case: 21-04034  Doc#: 105  Filed: 10/29/21  Entered: 10/29/21 16:42:05  Page 12 of 20

the Southern District of New York. *Id.* Similarly, *Rundle* found that a stay was improper because the "determination of subject matter jurisdiction . . . depend[ed] on the court's interpretation of Nevada law which a district court in Nevada is generally better equipped to address than the MDL court in Ohio." *Rundle*, 2011 WL 3022569, at *1. It is axiomatic that a federal "Bankruptcy Judge with his [or her] knowledge and experience" is "better equipped to deal with [bankruptcy law issues] than [a] District Judge." *Barlow & Peek, Inc.*, 163 B.R. 177, 179 (D. Nev. Bank. 1993); *accord e.g.*, *In re Heller Ehrman LLP*, 464 B.R. 348, 359 (N.D. Cal. 2011). And it follows from this that "bankruptcy judges are better suited to determine the related issue of the scope of their own jurisdiction" than a District Judge. *Doman Protection, LLC v. Sea Wasp, LLC*, 2018 WL 5809298, at *4 (N.D. Tex. Nov. 6, 2018).

Third, only in cases where "the jurisdictional issue is *both* difficult *and* similar or identical to those in cases transferred" should the court "stay the action." *City of Corona*, 2021 WL 3829700, at *2 (emphasis added); *accord e.g.*, *City of Corona*, 2021 WL 3829700, at *2; *accord e.g.*, *Conroy* 325 F. Supp. 2d at 1053; *Goodwin*, 2013 WL 1528966, at *2; *Rubio*, 2013 WL 796669, at *4; *Pecoraro*, 2013 WL 12131267, at *3; *Poarch Band*, 2020 WL 3833009, at *4; *Myers*, 143 F. Supp. 2d at 1049. For the reasons explained below, Defendants cannot satisfy *any* of these three threshold criteria.

**C. Defendants Fail All Three of the Elements of the *Conroy-Meyers* Taxonomy and the Single Threshold Element of the *Rivers* Test Applicable in Remand Cases**

**1. A Preliminary Assessment Reveals that Removal Was Improper**

As explained above, a stay is inappropriate if, a "preliminary assessment" of "the merits of the motion to remand . . . suggests that removal was improper." *City of Corona*, 2021 WL 3829700, at *2; *accord e.g.*, *Conroy* 325 F. Supp. 2d at 1053; *Goodwin*, 2013 WL 1528966, at *2; *Rubio*, 2013 WL 796669, at *4; *Pecoraro*, 2013 WL 12131267, at *3; *Poarch Band*, 2020 WL 3833009, at *4; *Myers*, 143 F. Supp. 2d at 1049.

This rule follows from Justice Ginsburg's recognition for a unanimous Court that while "'the absolute purity' of the jurisdiction-first rule ha[s] been diluted in a few extraordinary cases" to delay resolution of a motion to remand to "accord[] priority" to another "inquiry," very few

2854.003/1670568.9

13

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING FINAL RULING BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Case: 21-04034 Doc# 105 Filed: 10/29/21 Entered: 10/29/21 16:42:05 Page 13 of 20

cases require more than a preliminary assessment because "[i]n most instances, subject-matter jurisdiction will involve no arduous inquiry, and both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first." *Ruhrgas AG*, 526 U.S. at 577, 587. Moreover, this rule respects the existential nature of subject-matter jurisdiction. "If [a federal] court lacks subject matter jurisdiction, any action it takes is a nullity" and "[t]he lack of subject matter jurisdiction may be raised at any time." *Franklin v. Eisner*, 1996 WL 406795, at *1 (N.D. Cal. July 12, 1996); *accord Am Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17 (1951). Thus, a preliminary assessment of the jurisdictional question is critical because adjudication of cases where jurisdiction is in doubt threatens the waste of judicial resources as the rulings of a court may be rendered a nullity after years of litigation if an appellate tribunal ultimately finds that jurisdiction was lacking. *See Am Fire & Cas. Co.*, 341 U.S. at 17.

Here, this element shows that Defendants' motion must be denied because the case presents "no arduous inquiry" as a "preliminary assessment" of "the merits of the motion to remand" reveals "that removal was improper." Where, as here, federal jurisdiction is premised the allegation that the case is "related to" a case where the bankruptcy plan has already been confirmed, to show the requisite "close nexus exists" the party invoking federal jurisdiction must show "a close nexus connecting a proposed post-confirmation proceeding in the bankruptcy court with some demonstrable effect on the debtor or the plan of reorganization." *In re Wilshire Courtyard*, 459 B.R. 416, 430 (9th Cir. Bank. 2011). This requires a showing that "the matter affects the interpretation, implementation, consummation, execution, or administration of the confirmed plan." *In re Wilshire Courtyard*, 729 F.3d 1279, 1289 (9th Cir. 2013). In contrast, cases that are only "tangential" to the bankruptcy case will not satisfy the close-nexus test. *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1194 (9th Cir. 2005). A case is only tangential when "the resolution of the dispute would require more than merely interpreting the plan's terms, . . . bankruptcy court jurisdiction does not extend to a 'major suit' brought by the trust against non-parties to the bankruptcy or to any closely related proceeding." *In re Resorts Int'l, Inc.*, 372 F.3d 154, 168 (3d Cir. 2004).

The claims at issue in the Superior Court Action do not affect "the interpretation,

2854.003/1670568.9

14

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING FINAL RULING BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Case: 21-04034    Doc# 105    Filed: 10/29/21    Entered: 10/29/21 16:42:05    Page 14 of 20

implementation, consummation, execution, or administration of the confirmed plan" as is required for there to be a close nexus to the bankruptcy, and, therefore, the Court does not have subject matter jurisdiction under 28 U.S.C. § 1334. Accordingly, a "preliminary assessment" shows "that removal was improper" and as such "the court should promptly complete its consideration and remand the case to state court." *See Goodwin*, 2013 WL 1528966, at *2.

2. **The Subject Matter Jurisdiction Question at Issue Here Is Not Identical or Similar to Issues Faced by the MDL Court**

Defendants' motion to stay also must be denied because "the remand issue is unique to the case at hand." *See City of Corona*, 2021 WL 3829700, at *2; *accord e.g.*, *Conroy* 325 F. Supp. 2d at 1053; *Goodwin*, 2013 WL 1528966, at *2; *Rubio*, 2013 WL 796669, at *4; *Pecoraro*, 2013 WL 12131267, at *3; *Rundle*, 2011 WL 3022569, at *4; *Poarch Band*, 2020 WL 3833009, at *4; *Myers*, 143 F. Supp. 2d at 1049.

This requirement applies even when the specific suit that is subject to remand motion is a "'tagalong' action." *Rubio*, 2013 WL 796669, at *2. It also applies when the *merits* issues presented by the case at bar—as opposed to the *jurisdictional* issue—are "virtually identical" to those before the MDL. *Tortola Restaurants, LP. v. Kimberly-Clark Corp.*, 987 F. Supp. 1186, 1188 (N.D. Cal. 1997) (denying motion to stay resolution of remand motion that had been conditionally transferred to MDL despite the fact that the California suit "assert[ed] 'virtually identical' price-fixing claims against the same defendants" as other suits in MDL). This is so because the test focuses on "how similar . . . ***the jurisdictional issue***" is "to cases that are or will be in the MDL," not the similarity of the *merits issues* presented by the cases. *City of Corona*, 2021 WL 3829700, at *2 (emphasis added).

The subject matter jurisdiction at issue here is not premised on ordinary diversity of citizenship or the existence of a federal claim for relief. Rather, Defendants premised their removal on the argument that the case is "related to" a bankruptcy within the meaning of 28 U.S.C. § 1334. But Defendants have provided no evidence that *any* of the other MDL cases present this issue; indeed, whether these claims relate to one particular post-confirmation bankruptcy is fact specific. Moreover, even if jurisdiction did exist under this provision (it does

2854.003/1670568.9

15

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING FINAL RULING BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Case: 21-04034  Doc# 105  Filed: 10/29/21  Entered: 10/29/21 16:42:05  Page 15 of 20

not), resolution of the remand motion requires application of equitable remand specific to bankruptcy removal as well. These issues too are "case-specific" and "unique to the case at hand." *See City of Corona*, 2021 WL 3829700, at *2-*3. Thus, "there is no basis for a stay" and Defendants' motion must be denied. *See id.* at *2.

> **3. Determination of Subject Matter Jurisdiction Depends on the Court's Interpretation of Bankruptcy Law Which a Bankruptcy Court Is Best Equipped to Address**

As explained above, a stay is improper when the "determination of subject matter jurisdiction . . . depends on the court's interpretation of [a field of law that it] is generally better equipped to address than the MDL court." *Rundle*, 2011 WL 3022569, at *1; *accord e.g.*, *Goodwin*, 2013 WL 1528966, at *2; *Conroy* 325 F. Supp. 2d at 1054. Applying this element the *Conroy* court found that "a stay would be judicially inefficient" despite the fact that the MDL court faced "several pending questions of jurisdiction" because "it would require [the MDL] court to apply the laws of separate states and separate circuits to each separate plaintiff's jurisdictional claims." *Id.* But the justiciability of the case that had been conditionally transferred turned on questions of "Ninth Circuit and California law" which the transferor court was "readily familiar with" and which were less familiar to the MDL court, the Southern District of New York. *Id.*

Similarly, the court in *Rundle* found that a stay was improper because the "determination of subject matter jurisdiction . . . depend[ed] on the court's interpretation of Nevada law which a district court in Nevada is generally better equipped to address than the MDL court in Ohio." 2011 WL 3022569 at *1. And the *Goodwin* court denied a motion to stay despite "the fact that the . . . jurisdictional issue" at issue in that case—"fraudulent misjoinder"—was raised by other cases currently facing remand motions before the MDL.[5] This was so because "determination of the fraudulent misjoinder issues raised in th[at] case require[d] an application and analysis of Ninth Circuit law, and the [transferor] Court [the Central District of California] is in as good a position, if not better, to apply the law of this circuit than [an MDL] court in West Virginia." *Goodwin*,

---

[5] Defendant Am. Medical Sys., Inc.'s Reply Brief in Support of Motion to Stay all Proceedings Pending a Transfer by the Judicial Panel on Multidistrict Litig., *Goodwin v. Kajian* (April 5, 2013) 2013 WL 6141083, at § II-C.

Case: 21-04034 Doc# 105 Filed: 10/29/21 Entered: 10/29/21 16:42:05 Page 16 of 20

2013 WL 1528966, at *2. This Court's familiarity and expertise in bankruptcy law is much more advantageous than the *Conroy* court's familiarity with "California law," *Conroy* 325 F. Supp. 2d at 1054, the *Goodwin* court's familiarity with "Ninth Circuit law," *Goodwin*, 2013 WL 1528966, at *2, or the *Rundle* court's familiarity with "Nevada law." *Rundle*, 2011 WL 3022569, at *1.

It is axiomatic that a federal "Bankruptcy Judge with his [or her] knowledge and experience" is "better equipped to deal with [bankruptcy law issues] than [a] District Judge." *Barlow & Peek, Inc.*, 163 B.R. 177, 179 (D. Nev. Bank. 1993); *accord e.g.*, *In re Heller Ehrman LLP*, 464 B.R. 348, 359 (N.D. Cal. 2011) (Breyer, J.) (allowing District Court to decide issue of bankruptcy law pending before bankruptcy court "would result in . . . losing the benefit of the bankruptcy court's experience in both the law and facts, resulting in an inefficient allocation of judicial resources"); *Seiko Epson Corp.*, 2018 WL 5982870, at *4 (Labson-Freeman, J.) ("the Bankruptcy Court's knowledge of bankruptcy law . . . weigh[s] in favor of keeping the matter with the bankruptcy judge").

In particular, the "statutory mandate that bankruptcy judges should determine whether a proceeding is core or non-core suggests that bankruptcy judges are better suited to determine the related issue of the scope of their own jurisdiction." *Doman Protection, LLC*, 2018 WL 5809298, at *4. Thus, it is well recognized that because bankruptcy courts are "exceedingly learned in the laws of bankruptcy" such tribunals are "in the best position to make [the] determination" whether "removal was proper under 28 U.S.C. § 1334." *Traylor v. First Family Fin. Servs., Inc.*, 183 B.R. 286, 287 (M.D. Ala. 1995); *accord e.g.*, *Doman Protection, LLC*, 2018 WL 5809298, at *4 ("Bankruptcy Court is better suited for the ultimate determination of whether it has subject-matter jurisdiction"); *Marquette Transp. Co. v. Trinity Marine Prods., Inc.*, 2006 WL 2349461, at *2 (E.D. La. Aug. 11, 2006 ("the bankruptcy court is best suited to resolve the issue of section 1334 jurisdiction"); *Orix Fin. Corp. v. Nexbank, SSB*, 2008 WL 2796069, at *3–*4 (N.D. Tex. July 15, 2008) (Boyle, J.) (holding that a bankruptcy judge could better determine whether the case should be remanded for lack of jurisdiction); *Traylor v. First Family Fin. Servs., Inc.*, 183 B.R. 286, 287 (M.D. Ala. 1995) (Because bankruptcy courts are "exceedingly learned in the laws of bankruptcy" such tribunals are "in the best position to make [the] determination" whether "removal was proper

2854.003/1670568.9 17
PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING FINAL RULING BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Case: 21-04034 Doc# 105 Filed: 10/29/21 Entered: 10/29/21 16:42:05 Page 17 of 20

under 28 U.S.C. § 1334.").

Specifically, this means that a "Bankruptcy Court is better suited for the ultimate determination of whether it has subject-matter jurisdiction" under "the "related to" jurisdiction of the Bankruptcy Court" than a Non-Bankruptcy court. *Doman Protection, LLC*, 2018 WL 5809298, at *4. Moreover, "[q]uestions of permissive abstention and equitable remand"—which are also at issue here—are particularly "better left to the bankruptcy court." *MD Acquisition, LLC v. Myers*, 2009 WL 466383, at *5 (E.D. Ohio Feb. 23, 2009); *accord e.g.*, *In re LandAmerica Fin. Group, Inc.*, 2011 WL 203986, at *6 (E.D. Va. Jan. 21, 2001) ("question of equitable remand on whether the court ought to exercise the alternative basis for federal court jurisdiction is best left to the [bankruptcy] court"); *Jenkins v. Oakhurst Dev., LLC*, 2009 WL 1473960, at *1 (S.D. W. Va. May 22, 2009) ("[q]uestions of permissive abstention and equitable remand are also better left to the bankruptcy court"). Thus, allowing a bankruptcy judge to decide the jurisdictional question is a "better use of [the federal courts'] ever-more scarce judicial resources" because "[t]he bankruptcy court's expertise makes it a better forum to initially adjudicate this claim." *Price v. Seterus, Inc.*, 2016 WL 1392331, at *6 (N.D. Ill. April 8, 2016).

Accordingly, because "the jurisdictional issue" at issue in this case is *neither* "difficult" *nor* "similar or identical to those in cases transferred" the Court should not "stay the action." *See City of Corona*, 2021 WL 3829700, at *2 (emphasis added); *accord e.g.*, *Pecoraro*, 2013 WL 12131267, at *3. Further, this means that Defendants cannot satisfy the *Rivers* test either because "the remand issue is [not] highly similar to cases in the MDL," but instead "is unique to the case at hand" and as such "no efficiencies are achieved through transfer." *City of Corona*, 2021 WL 3829700, at *2.

**D.     The Cases Relied on By Defendants Support Plaintiffs' Arguments**

Despite the black-letter law explained above, Defendants argue that a stay is appropriate here because courts "routinely stay cases pending resolution by the JPML of a motion to transfer." (Motion to Stay at 13:24-25.) But the cases relied on by Defendants are in accord with the rules described above and demonstrate why Defendants' motion must be denied.

In many of these cases no motion for remand was pending and thus the transferor Court's

2854.003/1670568.9
18
PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING FINAL RULING BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Case: 21-04034    Doc# 105    Filed: 10/29/21    Entered: 10/29/21 16:42:05    Page 18 of 20

"historical [constitutional] obligation to determine jurisdiction before taking adjudicative action" was not implicated. *See Dent*, 2014 WL 3615784, at *4. Rather, in these cases federal jurisdiction was not in doubt and the transferor court simply stayed the ordinary pre-trial calendar (*e.g.*, discovery issues), pending transfer which—given the identical factual issues and the fact that federal jurisdiction was not in doubt—was inevitable.[6]

Moreover, the cases Defendants cite where courts issued a stay when a motion to remand was pending involved situations described by the court in *City of Corona*—*i.e.*, cases where "the remand issue is highly similar to cases in the MDL," and as such, stay and transfer were efficient because "the MDL court can resolve all the related issues together."[7] *See City of Corona*, 2021

---

[6] *See e.g.*, *Lyman v. Asbestos Defendants (B*P)*, 2007 WL 2972926, at *1 (N.D. Cal. Oct. 10, 2007) (staying non-remand related pre-trial proceedings pending transfer of factually identical asbestos injury suit to MDL); *Johnson v. Sebanc*, 2018 WL 3159699, at *1-*2 (staying non-remand related pre-trial proceedings pending transfer of factually identical ADA suit to MDL); *Fuller v. Amerigas Propane, Inc.*, 2009 WL 2390358, at *1-*2 (N.D. Cal. Aug. 3, 2009) (staying non-remand related pre-trial proceedings pending transfer of factually identical consumer-protection law class action to MDL).

[7] *See e.g.*, *Jones v. Bristol-Myers Squibb Co.*, 2013 WL 3388659, at *5 (N.D. Cal. July 8, 2013) (granting motion to stay following conditional order of transfer to MDL where cases pending before the MDL "all present similar jurisdictional issues as the one raised in this matter"); *Butler v. McKesson Corp.*, 2013 WL 4104093, at *2 (N.D. Cal. Aug. 12, 2013) (recognizing "[g]enerally, jurisdiction is a preliminary matter that should be resolved before all others," but permitting stay on basis of judicial economy because "the presiding [MDL] judge" had already adjudicated the pending subject matter jurisdictional issues, *i.e.*, "fraudulent joinder, fraudulent misjoinder of plaintiffs, the forum defendant rule"); *Rifenbery v. Organon USA, Inc.*, 2014 WL 296955, at *1-*2 (N.D. Cal. Jan. 6, 2014) (citing *Conroy* and granting motion to stay because "[n]umerous actions . . . ha[d] been transferred to the MDL" raising the same jurisdictional question, *i.e.*, "whether [the defendant] [wa]s a proper defendant" thus transfer was proper because "the [remand] motion raises issues likely to arise in other actions pending in the MDL transferee court"); *Davis v. Pfizer, Inc.*, 2014 WL 1599005, at *1 (N.D. Cal. April 21, 2014) (granting stay because "the issues involved in the remand motion are likely to arise in the cases that have been or will be transferred, judicial economy would be served by issuing the stay"); *Couture v. Hoffman-La Roche, Inc.*, 2012 WL 3042994, at *4 (N.D. Cal. July 25, 2012) (granting stay where another case "which presents similar jurisdictional issues" was "awaiting a decision from the JPML"); *Sobera v. DePuy Orthopaedics, Inc.*, 2014 WL 1653077, at *2 (N.D. Cal. April 24, 2014) (granting stay because "a number of other cases" presenting the same jurisdictional question "ha[d] already been . . . referred to the MDL"); *Blalock v. DePuy Orthopaedics, Inc.*, 2011 WL 6217540, at *2 (N.D. Cal. Dec. 14, 2011) (applying *Conroy* and granting stay because the jurisdictional question presented by the "remand motion raise[d] issues" already "pending the in the MDL transferee court," *i.e.*, "whether [one of the defendants] [wa]s a fraudulently joined defendant").

2854.003/1670568.9
19
PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING FINAL RULING BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Case: 21-04034  Doc#: 105  Filed: 10/29/21  Entered: 10/29/21 16:42:05  Page 19 of 20

WL 3829700, at *2. In contrast, here, "the remand issue is unique to the case at hand." *See id.*

### III. CONCLUSION

"[B]oth [the *Rivers* and the *Conroy-Meyers*] tests focus on the same essential inquiry: how similar is the jurisdictional issue in the instant case"—as opposed to the merits issues—"to cases that are or will be in the MDL?" *City of Corona*, 2021 WL 3829700, at *2. Where "the remand issue is unique to the case at hand, no efficiencies are achieved through transfer" and "there is no basis for a stay." *Id.* at *2-*3. Here, the jurisdictional issue—which falls within this Court's expert province as a bankruptcy court—"is unique to the case at hand." *See id.* at *2. Accordingly, Defendants' motion to stay must be denied.

DATED: October 29, 2021

BARTKO ZANKEL BUNZEL & MILLER
A Professional Law Corporation

By: _____/s/ Sean R. McTigue_____
Sean R. McTigue
Attorneys for Plaintiffs VHS LIQUIDATING TRUST, PRIME HEALTHCARE SERVICES, INC., PRIME HEALTHCARE FOUNDATION, INC. and PRIME HEALTHCARE MANAGEMENT, INC.

2854.003/1670568.9

20

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING FINAL RULING BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Case: 21-04034    Doc# 105    Filed: 10/29/21    Entered: 10/29/21 16:42:05    Page 20 of 20