1  David Zott (*pro hac vice*)
   dzott@kirkland.com
2  Daniel Laytin (*pro hac vice*)
   dlaytin@kirkland.com
3  Zachary Holmstead (*pro hac vice*)
   zachary.holmstead@kirkland.com
4  KIRKLAND & ELLIS LLP
   300 North LaSalle Street
5  Chicago, IL 60654
   Telephone: (312) 862-2000
6  Facsimile: (312) 862-2200

7  Tobias S. Keller (SBN 151445)
   tkeller@kbkllp.com
8  Thomas B. Rupp (SBN 278041)
   trupp@kbkllp.com
9  KELLER BENVENUTTI KIM LLP
   650 California Street, Suite 1900
10 San Francisco, CA 94108
   Telephone: (415) 496-6723
11 Facsimile: (650) 636-9251

12 *Attorneys for Defendant*
   *Blue Cross Blue Shield Association*

13

14

15             UNITED STATES BANKRUPTCY COURT
               NORTHERN DISTRICT OF CALIFORNIA
                    OAKLAND DIVISION

16

17 VHS LIQUIDATING TRUST, *et al.*,          )  **Adv. Proc. No.** 21-04034
                                             )
18            Plaintiffs,                     )  The Hon. Judge Charles Novack
                                             )
19       v.                                   )
                                             )  **REPLY IN SUPPORT OF**
20 BLUE CROSS OF CALIFORNIA, *et al.*,        )  **DEFENDANT'S MOTION TO STAY**
                                             )
21            Defendants.                     )  Date:      November 12, 2021
                                             )  Time:      11:00 a.m.
22                                            )  Dept.:     215 (Tele/Videoconference
                                             )             Appearances Only)
23                                            )
                                             )
24                                            )
                                             )
25                                            )
                                             )
26 _____  )

27

28

# TABLE OF CONTENTS

**Page**

**INTRODUCTION**..................................................................................................................... **1**

**ARGUMENT** ............................................................................................................................. **2**

**I.     THE NINTH CIRCUIT'S STAY TEST AS ARTICULATED IN *RIVERS* GOVERNS**. **2**

**II.    UNDER THE CORRECT STANDARD, A BRIEF STAY PENDING THE JPML'S FINAL DECISION IS WARRANTED** ................................................................... **4**

**III.   A STAY IS ALSO WARRANTED UNDER THE *CONROY-MEYERS* TEST** ................. **9**

    **A.     A Preliminary Assessment Reveals Removal Is Proper** ........................ **9**

    **B.     The Jurisdictional Question Is Similar to Those that Arise in the BCBS MDL** ................................................................................................. **10**

**IV.   PLAINTIFFS' REMAINING ARGUMENTS ARE WITHOUT MERIT** ..................... **12**

**CONCLUSION** ...................................................................................................................... **13**

i

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

4

*Abdulhaqq v. Urb. Outfitters*,

5
   2013 WL 5228175 (N.D. Cal. Sept. 17, 2013) ........................................................................3

6

*In re Adelphia Commc'ns Corp.*,

7
   2005 WL 1026559 (S.D.N.Y. May 2, 2005) .......................................................................7, 13

8

*Bd. of Trustees of Teachers' Ret. Sys. v. Worldcom, Inc.*,
   244 F. Supp. 2d 900 (N.D. Ill. 2002) ...............................................................................8, 10

9

*Blalock v. DePuy Orthopaedics, Inc.*,

10
   2011 WL 6217540 (N.D. Cal. Dec. 14, 2011) ....................................................................4, 6

11

*In re Blue Cross Blue Shield Antitrust Litig.*,

12
   MDL 2406, 2017 WL 6759056 (J.P.M.L. Oct. 4, 2017) ...................................................7, 13

13

*In re Borelli*,
   132 B.R. 648 (Bankr. N.D. Cal. 1991) ...........................................................................1, 7, 8

14

*Brewer v. DePuy Orthopaedics, Inc.*,

15
   2012 WL 1595083 (N.D. Cal. May 4, 2012) .............................................................................2

16

*C.A. by Allen v. Pfizer, Inc.*,
   2013 WL 6091766 (N.D. Cal. Nov. 19, 2013) .........................................................................2

17

18

*In re C.R. Bard, Inc.*,
   2015 WL 1641343 (J.P.M.L. April 7, 2015) .........................................................................13

19

*In re Caesars Ent. Op'g Co., Inc.*,

20
   588 B.R. 233 (B.A.P. 9th Cir. 2018)....................................................................1, 5, 10, 12

21

*CIT Grp./Equip. Fin., Inc. v. BDO Seidman, LLP*,
   2009 WL 2171231 (W.D. Pa. July 21, 2009) ........................................................................13

22

23

*City of Corona v. 3M Co.*,
   2021 WL 3829700 (C.D. Cal. Aug. 27, 2021).............................................................. *passim*

24

*CMAX, Inc. v. Hall*,

25
   300 F.2d 265 (9th Cir. 1962) ...................................................................................................2

26

*Conroy v. Fresh Del Monte Produce, Inc.*,
   325 F. Supp. 2d 1049 (N.D. Cal. 2004) ....................................................................... *passim*

27

*Couture v. Hoffman-La Roche, Inc.*,

28
   2012 WL 3042994 (N.D. Cal. July 25, 2012) (Hamilton, J.) ...................................................4

*Davis v. Pfizer, Inc.*,
2014 WL 1599005 (N.D. Cal. Apr. 21, 2014) ......................................................................3, 5

*Dekalb v. C.R. Bard, Inc.*,
2013 WL 12146518 (C.D. Cal. Oct. 8, 2013) ...............................................................................10

*Dent v. Lopez*,
2014 WL 3615784 (E.D. Cal. July 22, 2014) ...............................................................................10

*In re Diet Drug Litig.*,
2012 WL 13012665 (C.D. Cal. Jan. 11, 2012) ..........................................................4, 5, 11

*El Paso E&P Co., L.P. v. CMV Joint Venture*,
2010 WL 11579728 (N.D. Ala. July 12, 2010) (Proctor, J.) ..................................................12

*In re Facebook, Inc., IPO Sec. and Derivative Litig.*,
899 F. Supp. 2d 1374 (J.P.M.L. Oct. 4, 2012) ...............................................................................13

*Freitas v. McKesson Corp.*,
2012 WL 161211 (N.D. Cal. Jan. 10, 2012) ..........................................................2, 3, 4, 9

*Fuller v. Amerigas Propane, Inc.*,
2009 WL 2390358 (N.D. Cal. Aug. 3, 2009) ...............................................................................6

*Gonzalez v. Ford Motor Co.*,
2017 WL 9614465 (N.D. Cal. Nov. 16, 2017) ...............................................................................7

*Goodwin v. Kojian*,
2013 WL 1528966 (C.D. Cal. Apr. 12, 2013) ...............................................................................10

*Hamzey v. Bayer Corp.*,
2010 WL 2011529 (S.D. Cal. May 19, 2010) ...............................................................................10

*Jenkins v. Oakhurt Dev., LLC*,
2009 WL 1473960 (S.D. W. Va. May 22, 2009) ..........................................................12, 13

*Johnson v. Sebanc*,
2018 WL 3159699 (N.D. Cal. June 28, 2018) ...............................................................................5

*Jones v. Bristol-Myers Squibb Co.*,
2013 WL 3388659 (N.D. Cal. July 8, 2013) (Hamilton, J.) ..................................................4, 6

*Oregon, ex rel. Kroger v. Johnson & Johnson*,
2011 WL 1347069 (D. Or. Apr. 8, 2011) ...............................................................................11

*In re LandAmerica Fin. Grp., Inc.*,
2011 WL 203986 (E.D. Va. Jan. 21, 2011) ...............................................................................13

*Landis v. North American Co.*,
299 U.S. 248 (1936) ...............................................................................2

*Lyman v. Asbestos Defs. (B\*P)*,
   2007 WL 2972926 (N.D. Cal. Oct. 10, 2007)...........................................................................4

*Marquette Transp. Co. v. Trinity Marine Prods., Inc.*,
   2006 WL 2349461 (E.D. La. Aug. 11, 2006) ........................................................................12

*McCrerey v. Merck & Co.*,
   2005 WL 6124182 (S.D. Cal. Mar. 3, 2005) ......................................................................3, 8

*MD Acquisition, LLC v. Myers*,
   2009 WL 466383 (S.D. Ohio Feb. 23, 2009).....................................................................12, 13

*Meyers v. Bayer AG*,
   143 F. Supp. 2d 1044 (E.D. Wis. 2001).......................................................... *passim*

*Morris v. O'Brien*,
   2015 WL 5312321 (S.D. Ala. Sept. 2, 2015)..........................................................................8

*In re New England Compounding Pharmacy, Inc., Prod. Liab. Litig.*,
   38 F. Supp. 3d 1384 (J.P.M.L. Aug. 12, 2014) .......................................................................7

*Nichols v. DePuy Orthopaedics, Inc.*,
   2011 WL 5335619 (N.D. Cal. Nov. 2, 2011) ......................................................................4, 8

*Orix Fin. Corp. v. Nexbank SSB*,
   2008 WL 2796069 (N.D. Tex. July 15, 2008) ......................................................................12

*Overton v. Chrysler Grp. LLC*,
   2018 WL 847772 (N.D. Ala. Feb. 13, 2018) (Proctor, J.) ....................................................12

*Pac. Inv. Mgmt. Co. v. Am. Int'l Grp., Inc.*,
   2015 WL 3631833 (C.D. Cal. June 10, 2015) ..................................................................5, 12

*Pecoraro v. Sanghei-Kim*,
   2013 WL 12131267 (C.D. Cal. July 10, 2013)....................................................................3, 4

*Poarch Band of Creek Indians v. Amneal Pharm., LLC*,
   2020 WL 3833009 (S.D. Ala. July 8, 2020) ........................................................................11

*Rifenbery v. Organon USA, Inc.*,
   2014 WL 296955 (N.D. Cal. Jan. 26, 2014) ......................................................................3, 4

*Rivers v. Walt Disney Co.*,
   980 F. Supp. 1358 (C.D. Cal. 1997) ........................................................... *passim*

*Rubio v. Arndal*,
   2013 WL 796669 (E.D. Cal. Mar. 4, 2013) ........................................................3, 4, 5, 6, 11

*Sanborn v. Asbestos Corp., Ltd.*,
   2009 WL 195922 (N.D. Cal. Jan. 27, 2009) (Hamilton, J.)..........................................2, 3, 4, 9

*Seiko Epson Corp. v. Koshkalda*,
    2018 WL 5982870 (N.D. Cal. Nov. 14, 2018) ...................................................................12

*Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*,
    549 U.S. 422 (2007)..........................................................................................................3

*Snider v. Sherman*,
    2007 WL 1174441 (E.D. Cal. Apr. 19, 2007)..........................................................................7

*Sobera v. DePuy Orthopaedics, Inc.*,
    2014 WL 1653077 (N.D. Cal. Apr. 24, 2014) ...................................................................4, 8

*Traylor v. First Fam. Fin. Servs. (In re Traylor)*,
    192 B.R. 255 (M.D. Ala. 1995) ................................................................................7

*Tucson Med. Ctr. v. Purdue Pharma LP*,
    2018 WL 6629659 (D. Ariz. Dec. 19, 2018) ......................................................................10

*Weaver v. Pfizer, Inc.*,
    2014 WL 2002212 (E.D. Cal. May 15, 2014) ........................................................................3

*In re Wilshire Courtyard*,
    729 F.3d 1279 (9th Cir. 2013) ................................................................................9

*In re WorldCom, Inc. Sec. Litig.*,
    293 B.R. 308 (S.D.N.Y. 2003).................................................................................13

**Statutes**

28 U.S.C. § 157...........................................................................................................12

28 U.S.C. § 158...........................................................................................................7

28 U.S.C. § 1334.................................................................................................9, 12, 13

28 U.S.C. § 1452.........................................................................................................7, 13

**Other Authorities**

Multidistrict Litig. Manual (2012) .........................................................................4, 5

**INTRODUCTION**

Plaintiffs do not dispute the core reasons this Court should grant a short stay pending affirmance of the JPML's Conditional Transfer Order: (1) the lack of prejudice to Plaintiffs given the brevity of the requested stay; (2) the significant hardship to the Blue Cross Blue Shield Association ("BCBSA") and the Blue Plans from the risk of inconsistent rulings if this copycat action is remanded; and (3) the conservation of judicial resources by preventing courts from duplicating pretrial work, including, specifically, consideration of "related to" jurisdiction. Indeed, Plaintiffs fail to expressly address all three prongs of the Ninth Circuit's established stay standard.

Instead, Plaintiffs invite this Court to apply a non-precedential test they argue focuses on whether their jurisdictional issue has been raised in the BCBS MDL. Plaintiffs misleadingly quote the Ninth Circuit Bankruptcy Appellate Panel's statement that "[o]nly in rare circumstances should transfer motions be considered before remand motions" by omitting the next sentence: "Such rare circumstances *include multi-district litigation and where 'related to' bankruptcy jurisdiction and removal raise difficult questions*." *In re Caesars Ent. Op'g Co., Inc.*, 588 B.R. 233, 237 (B.A.P. 9th Cir. 2018) (emphasis added). This case presents not one but *both* of the circumstances identified by the Bankruptcy Appellate Panel in which a motion to remand should be deferred.

Plaintiffs also omit that, if this Court were to rule on the Motion to Remand, that ruling could be appealable. *E.g.*, *In re Borelli*, 132 B.R. 648, 649 (Bankr. N.D. Cal. 1991). If the JPML confirms its transfer order while the appeal is pending—which is highly likely—any such appeal would then be heard *by the BCBS MDL transferee court itself* (*i.e.*, the District Court of the Northern District of Alabama). A short stay avoids the potential that two courts address the same complex remand issues.

Even under Plaintiffs' preferred "*Conroy-Meyers* test," a stay is warranted: there is a strong basis for federal jurisdiction, the jurisdictional analysis is complex, and the jurisdictional issue is likely to arise in other BCBS MDL cases. Plaintiffs here and in the BCBS MDL allege that dozens of other healthcare facilities have gone insolvent as a result of the challenged conduct. This Court should follow established Ninth Circuit precedent and scores of other cases to grant the Motion to Stay.

**ARGUMENT**

**I.     THE NINTH CIRCUIT'S STAY TEST AS ARTICULATED IN *RIVERS* GOVERNS**

Plaintiffs argue "Defendant[] do[es] not cite to the applicable test that governs a motion to stay." Pls.' Opp'n to Mot. to Stay (Dkt. 105) ("Pls.' Opp'n") at 6.[1]  Plaintiffs are wrong.  BCBSA cites the applicable stay standard—in fact, the ***only*** applicable standard upheld by the Ninth Circuit.

For over half a century, the Ninth Circuit has not deviated from its three-prong test—the same test set out in BCBSA's Motion to Stay (Dkt. 75-1)—when considering whether to stay proceedings. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) ("Among these competing interests" that "must be weighed" are "[(1)] the possible damage which may result from the granting of a stay, [(2)] the hardship or inequity which a party may suffer in being required to go forward, and [(3)] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law . . . .") (citing *Landis v. North American Co.*, 299 U.S. 248 (1936)); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (same).

This binding standard, which Plaintiffs refer to as the "*Rivers* test," has been frequently applied in cases involving competing motions to stay and to remand.  *See, e.g.*, *C.A. by Allen v. Pfizer, Inc.*, 2013 WL 6091766, at *1 (N.D. Cal. Nov. 19, 2013); *Freitas v. McKesson Corp.*, 2012 WL 161211, at *2 (N.D. Cal. Jan. 10, 2012); *Brewer v. DePuy Orthopaedics, Inc.*, 2012 WL 1595083, at *1 (N.D. Cal. May 4, 2012); *Sanborn v. Asbestos Corp., Ltd.*, 2009 WL 195922, at *2 (N.D. Cal. Jan. 27, 2009) (Hamilton, J.).  This Court should—and must—apply this standard.

Plaintiffs attempt to distinguish *Rivers* by arguing that "the *Rivers* test was not formulated 'specifically' to address 'staying a motion on remand,' but rather motions to stay ordinary pre-trial proceedings after a case has been conditionally transferred to an MDL court." Pls.' Opp'n (Dkt. 105) at 10 (quoting *City of Corona v. 3M Co.*, 2021 WL 3829700, at *2 (C.D. Cal. Aug. 27, 2021)).  Such a distinction does not exist, and the fact that Plaintiffs moved to remand does not justify disregarding

---

[1] In particular, Plaintiffs fault BCBSA for citing "cases [that had] no motion for remand [] pending" in its Motion to Stay. Pls.' Opp'n (Dkt. 105) at 18.  Plaintiffs ignore that BCBSA filed its Motion to Stay before Plaintiffs filed their Motion to Remand, and it was not clear that a remand motion would in fact be filed.  Plaintiffs further ignore that BCBSA's Motion expressly addressed instances where stay and remand requests were pending simultaneously. Def.'s Mot. to Stay (Dkt. 75-1) at 10–11.

the Ninth Circuit's established standard. *See Freitas*, 2012 WL 161211, at *1–2 (applying *Rivers* instead of *Conroy-Meyers* despite competing motion to remand); *Sanborn*, 2009 WL 195922, at *2 (Hamilton, J.) (making no reference to *Conroy-Meyers* despite competing motions to remand and stay).

The "*Conroy-Meyers* test" that Plaintiffs advocate has never been adopted by the Ninth Circuit. Plaintiffs' own cited cases, including *Conroy* itself, concede this. *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004) ("The Ninth Circuit has not expressly adopted this approach."); *Pecoraro v. Sanghei-Kim*, 2013 WL 12131267, at *3 (C.D. Cal. July 10, 2013) ("[The *Conroy*] test has not been expressly adopted by the Ninth Circuit . . . ."). Not one of the cases Plaintiffs cite wholly disregards the binding stay standard. *E.g.*, *City of Corona*, 2021 WL 3829700, at *3 (evaluating motion to stay "[u]nder the *Rivers* test"); *Rubio v. Arndal*, 2013 WL 796669, at *2 (E.D. Cal. Mar. 4, 2013) (same); *Pecoraro*, 2013 WL 12131267, at *2–4 (same). Plaintiffs' attempt to rewrite the Ninth Circuit's stay standard has already been rejected. *McCrerey v. Merck & Co.*, 2005 WL 6124182, at *2 (S.D. Cal. Mar. 3, 2005) ("*Conroy* explicitly states that the Ninth Circuit has not adopted the approach Plaintiff claims to be binding.").[2]

When presented with competing motions to stay and to remand in conditionally transferred cases after *Conroy* and *Meyers*, this District has frequently "***defer[red] to the MDL court for resolution of a motion to remand***" since doing so "often provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system." *Rifenbery v. Organon USA, Inc.*, 2014 WL 296955, at *1 (N.D. Cal. Jan. 26, 2014) (emphasis added); *see Davis v. Pfizer,*

---

[2] Plaintiffs also wrongly suggest that ruling on the Motion to Stay first would be improper because of the "absolute purity of the jurisdiction-first rule." Pls.' Opp'n (Dkt. 105) at 13. As the Supreme Court has held, "[j]urisdiction is vital ***only if*** the court proposes to issue a judgment on the merits." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (emphasis added). Plaintiffs' own cited cases have expressly applied the *Sinochem* rule in granting a motion to stay pending a decision by the JPML. *Pecoraro*, 2013 WL 12131267, at *2 ("While courts generally decide jurisdictional matters before other questions, where the case is or may be part of an MDL proceeding, deferring to the MDL court for resolution of a motion to remand provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system.") (internal citations omitted); *Rubio*, 2013 WL 796669, at *4 (similar). This is unsurprising; a "stay is not a decision on the merits, [so] there is no bar to considering the question before considering the jurisdictional questions presented by the motion to remand." *Weaver v. Pfizer, Inc.*, 2014 WL 2002212, at *2 (E.D. Cal. May 15, 2014).

*Inc.*, 2014 WL 1599005, at *1 (N.D. Cal. Apr. 21, 2014) (same); *Abdulhaqq v. Urb. Outfitters*, 2013 WL 5228175, at *1 (N.D. Cal. Sept. 17, 2013) (same); *Freitas*, 2012 WL 161211, at *2 ("Plaintiffs' reliance on *Conroy* is misplaced. . . . [F]ollowing *Conroy*, other courts in the Northern District, including this one, have made clear that courts are not bound to preliminarily consider the merits of a remand motion before considering a motion to stay."); *Nichols v. DePuy Orthopaedics, Inc.*, 2011 WL 5335619, at *2 (N.D. Cal. Nov. 2, 2011) ("Plaintiffs' reliance on *Conroy* is misplaced.").

Even when district courts have been willing to consider the *Conroy-Meyers* test along with the *Rivers* test, they still consider all three *Rivers* factors, not just one of them, as Plaintiffs propose. *Compare* Pls.' Opp'n (Dkt. 105) at 10 ("In non-remand cases, the *Rivers* test asks the court to consider three factors. But when applied in the remand context, the test 'focuse[s]' on **one** 'essential inquiry' . . . .") (emphasis added) *with Rubio*, 2013 WL 796669, at *2 (cited affirmatively by Plaintiffs) (weighing all three *Rivers* factors); *Pecoraro*, 2013 WL 12131267, at *2–4 (cited affirmatively by Plaintiffs) (same). A stay is appropriate under either test.

## II. UNDER THE CORRECT STANDARD, A BRIEF STAY PENDING THE JPML'S FINAL DECISION IS WARRANTED

The "general rule is for federal courts to defer ruling on pending motions to remand . . . until after the [JPML] has transferred." *In re Diet Drug Litig.*, 2012 WL 13012665, at *1 (C.D. Cal. Jan. 11, 2012); *see also Jones v. Bristol-Myers Squibb Co.*, 2013 WL 3388659, at *2 (N.D. Cal. July 8, 2013) (Hamilton, J.) ("Courts in this district, including this court, have granted motions to stay in order to preserve judicial resources, even where jurisdictional questions and motions to remand are at issue."); *Sobera v. DePuy Orthopaedics, Inc.*, 2014 WL 1653077, at *2 (N.D. Cal. Apr. 24, 2014) (granting motion to stay pending a decision by the JPML while a motion to remand was pending); *Rifenbery*, 2014 WL 296955, at *2 (same); *Couture v. Hoffman-La Roche, Inc.*, 2012 WL 3042994, at *4 (N.D. Cal. July 25, 2012) (Hamilton, J.) (same); *Freitas*, 2012 WL 161211, at *3 (same); *Blalock v. DePuy Orthopaedics, Inc.*, 2011 WL 6217540, at *2 (N.D. Cal. Dec. 14, 2011) (same); *Sanborn*, 2009 WL 195922, at *2 (Hamilton, J.) (same); *see generally Lyman v. Asbestos Defs. (B\*P)*, 2007 WL 2972926, at *2 (N.D. Cal. Oct. 10, 2007) ("Courts frequently grant stay[s] pending a decision by the

Case: 21-04034   Doc# 107   Filed: 11/05/21   Entered: 11/05/21 16:07:27   Page 10 of 21

[JPML] Panel [regarding whether to transfer a case]."); Multidistrict Litig. Manual § 3:15 (2012) ("District courts have, however, readily stayed proceedings pending a Panel decision.").

Plaintiffs disagree, arguing that motions to stay in the face of remand motions should "rarely" be granted. Pls.' Opp'n (Dkt. 105) at II.A. They purport to quote *In re Caesars* for the position that "[o]nly in rare circumstances should transfer motions be considered before remand motions." 588 B.R. at 237. But they boldly omit the very next sentence, where the Ninth Circuit Bankruptcy Appellate Panel was clear: "Such rare circumstance***s include multi-district litigation and where 'related to' bankruptcy jurisdiction and removal raise difficult questions***." *Id.* (emphasis added); *see Pac. Inv. Mgmt. Co. v. Am. Int'l Grp., Inc.*, 2015 WL 3631833, at *4 (C.D. Cal. June 10, 2015) (cited affirmatively by Plaintiffs) (same). This is consistent with the general consensus in favor of stays pending MDL transfer: the "overwhelming majority of courts . . . have determined that a stay is appropriate pending transfer to the MDL." *In re Diet Drug Litig.*, 2012 WL 13012665, at *1.

As BCBSA explained in its opening Motion, a stay should be granted here because (1) there is no potential prejudice to Plaintiffs, (2) there is significant hardship to BCBSA and the other Defendants if the action is not stayed, and (3) judicial resources would be saved by avoiding duplicative litigation, including on the jurisdictional question, if the case is transferred. *Johnson v. Sebanc*, 2018 WL 3159699, at *1 (N.D. Cal. June 28, 2018) (quoting *Rivers*, 980 F. Supp. at 1360).

*First*, there is no prejudice to Plaintiffs if this Action is briefly stayed until the JPML confirms (or vacates) its already-issued Conditional Transfer Order. Plaintiffs do not dispute this. The JPML's next hearing date for the matter is December 2, 2021. In most cases, the JPML "decides the matter before it within a short period after arguments are held." *Johnson*, 2018 WL 3159699, at *1 (quoting Multidistrict Litig. Manual § 4:27). Once the JPML issues a decision, litigation will resume in the transferee BCBS MDL court or this Court. Plaintiffs face no meaningful risk of prejudice given this short delay.

Plaintiffs' own authority rejects concerns of delay when the "JPML has already issued a conditional transfer order," as is true here. *Rubio*, 2013 WL 796669, at *5. In *City of Corona*, the court found no "significant prejudice to Plaintiffs" from a stay granted 34 days before the JPML hearing on 3M's motion to transfer. 2021 WL 3829700, at *3. Similarly situated plaintiffs have also

been unable to show prejudice when proceedings are in the very early stages. *Davis*, 2014 WL 1599005, at *1 ("The Court also finds that a stay will not prejudice plaintiff because the stay will only cause a slight delay in this action, which is still in the very early procedural stages."); *Fuller v. Amerigas Propane, Inc.*, 2009 WL 2390358, at *1 (N.D. Cal. Aug. 3, 2009) (same).

    ***Second***, Plaintiffs do not dispute that BCBSA and the other Defendants are likely to endure significant hardship if the case is not stayed. Absent a stay, Defendants are likely to "suffer prejudice from being forced to litigate the same jurisdictional issues in multiple forums": this Court and the transferee BCBS MDL court. *Jones*, 2013 WL 3388659, at *3 (N.D. Cal. July 8, 2013) (Hamilton, J.); *Blalock*, 2011 WL 6217540, at *2 (same); *see also Rubio*, 2013 WL 796669, at *4 ("If this Court were to deny the motion to remand, the MDL court might nonetheless revisit the issue upon transfer, thus forcing Defendants to relitigate the issue; if the Court were to grant the motion, and the MDL court ultimately decided in other similar cases that removal was proper, Defendants would be prejudiced by having to litigate this case in state court instead of before the MDL court."). This risk is heightened in the context of bankruptcy removal because a bankruptcy court's remand orders can be appealable to the district court, as discussed further below.

    The JPML will very likely transfer this Action. Indeed, Plaintiffs' allegations are ***identical or nearly identical*** to the consolidated complaints filed in the BCBS MDL. *See* Def.'s Mot. to Stay (Dkt. 75-1) at 3–7; Def.'s Opp'n to Pls.' Mot. to Remand (Dkt. 104-1) at Ex. A (Table of Selected Copycat Allegations). And more than 65 other copycat actions have already been transferred to the BCBS MDL, including those with far less overlap than exists here. *E.g.*, Ex. 1, Transfer Order, *Sheridan v. Blue Cross of California*, MDL No. 2406, at 1 (J.P.M.L. May 21, 2013) (transferring copycat action asserting claims under California state law); Ex. 2, Transfer Order, *Chicoine v. Wellmark, Inc./Opelousas Gen. Hosp. Auth. v. La. Health Serv. & Indem. Co.*, MDL No. 2406, at 1 (J.P.M.L. Oct. 4, 2017) (holding that the "focus . . . does appear to be somewhat different from the [BCBS] MDL allegations, but plaintiffs still allege sufficient factual overlap with the cases in the MDL to justify transfer").

    Plaintiffs do not dispute (before this Court or the JPML) the significant overlap between their allegations and those in the BCBS MDL. Their sole argument to the JPML is that "related to"

jurisdiction is lacking, and this Court should consider remand prior to transfer. Ex. 3, Pls.' Mot. to Vacate. This argument is directly contrary to the JPML's holdings *in reference to this very MDL*: "As the Panel has held repeatedly, jurisdictional arguments concerning the propriety of federal jurisdiction *are insufficient to warrant vacating a* **[Conditional Transfer Order]**." *In re Blue Cross Blue Shield Antitrust Litig.*, MDL 2406, 2017 WL 6759056, at *2 (J.P.M.L. Oct. 4, 2017) (emphasis added). The JPML routinely transfers cases where jurisdictional questions are pending. *E.g.*, *id.*; *In re New England Compounding Pharmacy, Inc., Prod. Liab. Litig.*, 38 F. Supp. 3d 1384 (J.P.M.L. Aug. 12, 2014) (transferring cases despite plaintiffs' assertion that "related to" bankruptcy jurisdiction is improper). Thus, Defendants face the specter of inconsistent rulings on both substantive and jurisdictional issues. *See Gonzalez v. Ford Motor Co.*, 2017 WL 9614465, at *2 (N.D. Cal. Nov. 16, 2017) ("A failure to stay would also raise the prospect of inconsistent rulings between the case[] before this Court and the other suits Defendant has referred to the JPML.").

  *Finally*, ruling on the merits of Plaintiffs' Motion to Remand will squander rather than conserve judicial resources. *In re Adelphia* is instructive. There, the parties litigated "related to" jurisdiction while a JPML Conditional Transfer Order was pending. 2005 WL 1026559, at *1 (S.D.N.Y. May 2, 2005). The bankruptcy court granted the motion to remand, which defendants appealed under § 1452(b). *Id.* The JPML then confirmed the transfer to the MDL court. *Id.* The MDL court then heard—and reversed—the bankruptcy court's remand decision. *Id.* at *5–6. The transferor bankruptcy court expended significant resources ruling on the plaintiff's motion to remand, just to have the transferee MDL district court hear the appeal of those same issues, with the MDL court ultimately *reversing* the bankruptcy court's order and denying remand.

  The same could occur here. If this Court were to rule on the remand issue rather than grant a short stay, such ruling could be subject to review by the BCBS MDL district court upon transfer. *See* 28 U.S.C. §§ 158(a), 158(c)(1), 1452(b); *In re Borelli*, 132 B.R. at 649 (holding that district courts have jurisdiction to review certain bankruptcy court remand orders); *Snider v. Sherman*, 2007 WL 1174441, at *42–44 (E.D. Cal. Apr. 19, 2007) (reversing bankruptcy court's remand order); *Traylor v. First Fam. Fin. Servs. (In re Traylor)*, 192 B.R. 255, 257 (M.D. Ala. 1995) (cited affirmatively by

Plaintiffs) (reviewing bankruptcy court's remand order).[3]  The Eleventh Circuit (which includes the BCBS MDL court) has not established a Bankruptcy Appellate Panel, so any appeal of a remand ruling by this Court following likely transfer would be heard by the BCBS MDL court itself.  *Morris v. O'Brien*, 2015 WL 5312321, at *1 n.1 (S.D. Ala. Sept. 2, 2015).  Thus, it is more efficient to stay: while a remand decision could require this Court and the MDL court to analyze the exact same issues, a brief stay avoids that undesirable outcome.  *Bd. of Trustees of Teachers' Ret. Sys. v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 905 (N.D. Ill. 2002) ("Channeling litigation promptly into the appropriate forum is clearly a good thing, but how it serves judicial economy more than a stay of proceedings is a mystery. Almost by definition, little or no judicial resources are expended during the pendency of a stay.").

This case is unlike the situation from Plaintiffs' principal case, *City of Corona*.  There, resolving the remand motion required "the same amount of judicial resources [] be expended, whether by the transfer[or] court or the MDL court."  2021 WL 3829700, at *2.  Here, granting a stay would conserve judicial resources because it avoids the potential for two courts to address the same complex remand issues.  By contrast, Plaintiffs' position could require this Court to "needlessly expend[] its energies familiarizing itself with the intricacies of a case that would be heard by another judge." *Sobera*, 2014 WL 1653077, at *2 (granting stay in the interest of judicial economy and deferring resolution of remand motion to MDL).

Granting a stay further promotes judicial economy because this case involves "similar issues of fact and law as those being transferred to the MDL."  *McCrerey*, 2005 WL 6124182, at *3 (granting motion to stay and denying motion to remand); *Nichols*, 2011 WL 5335619, at *2 ("[T]he interests of judicial economy favor a stay" where dozens of "cases involving Defendant DePuy and similar

---

[3] Among other things, *In re Borelli* emphasized that "it is clear from the legislative history [of the Judicial Improvements Act of 1990] that Congress intended to give the district court jurisdiction to review remand and abstention decisions of the bankruptcy courts."  132 B.R. at 649 (citing 136 Cong. Rec. S17580 (daily ed. Oct. 27, 1990)) (stating that the Act would "clarify that, with respect to certain determinations in bankruptcy cases, they forbid only appeals from the district courts to the courts of appeals, not from bankruptcy courts to the district courts. . . . Such determinations would therefore by [sic] reviewable by the district court.").

questions of fact regarding the Pinnacle Cup System have been transferred to [the] MDL.").[4]  All factors considered, this case should be stayed.  *Freitas*, 2012 WL 161211, at *2–3  (granting stay and denying remand because a stay would serve judicial economy, eliminate the possibility of the court issuing a ruling inconsistent with the MDL court, and plaintiffs would not suffer undue hardship since a conditional transfer order had already been issued);  *Sanborn*, 2009 WL 194922, at *2 (Hamilton, J.)  (granting stay and denying remand because "a final decision by the MDL panel is likely to be made soon, . . . the prejudice to plaintiffs will be minimal, and . . . a stay will further the aim of judicial efficiency by preventing a duplication of proceedings before this court").

## III.    A STAY IS ALSO WARRANTED UNDER THE *CONROY-MEYERS* TEST

Although the *Conroy-Meyers* test is not binding and need not be applied here, this case satisfies all of its elements.  *See Conroy*, 325 F. Supp. 2d at 1053 ("First, the court should give preliminary scrutiny to the merits of the motion to remand. . . . Second, if the jurisdictional issue appears factually or legally difficult, the court should determine whether identical or similar jurisdictional issues have been raised in other cases that have been or may be transferred to the MDL proceeding. Third, if the jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred, the court should stay the action.").  A brief stay of this case is appropriate under this test as well.

### A.    A Preliminary Assessment Reveals Removal Is Proper

This Action meets each requirement of "related to" jurisdiction.  Under 28 U.S.C. § 1334, federal courts have jurisdiction over actions "related to cases [brought] under title 11."  Under Plaintiffs' own authorities, a federal court's "'related to' jurisdiction is ***very broad, including nearly every matter directly or indirectly related to the bankruptcy***."  *In re Wilshire Courtyard*, 729 F.3d 1279, 1287 (9th Cir. 2013) (citation omitted and emphasis added).  It includes, for example, post-confirmation actions, like this, that "affect[] the interpretation, implementation, consummation,

---

[4] Plaintiffs' additional argument that denying BCBSA's Motion to Stay "avoids burdening the docket of the MDL court" makes no sense.  Pls.' Opp'n (Dkt. 105) at 6.  Plaintiffs instead propose burdening the State Court with a highly complex antitrust dispute, turning on ***ten different states' laws***, in parallel with the BCBS MDL transferee court.  The BCBS MDL court is already intimately familiar with the nuances of Plaintiffs' copycat allegations and theories.

execution, or administration of the confirmed [bankruptcy] plan." *Id*. (internal quotation marks omitted). Plaintiff VHS Liquidating Trust is a continuing trust that brought this Action in direct implementation and execution of its Bankruptcy Plan, which calls for the transfer of causes of action into the Liquidating Trust and explicitly includes claims against health plans such as the Defendant Blue Plans. Verity Second Amended Joint Chapter 11 Plan of Liquidation (Dkt. 1-1), §§ 6.5(b)(vi), 13.9(a)(ix). Issues of standing, statutes of limitations, and damages in this Action will all depend on interpretation of the Bankruptcy Plan. Thus, even the most cursory analysis reveals that this case was properly removed and Plaintiffs' remand motion does not support denial of a stay. *See generally* Def.'s Opp'n to Mot. to Remand (Dkt. 104) §§ III(B)–(C).

In addition, there can be no doubt that Plaintiffs' arguments against jurisdiction here "appear[] factually or legally difficult." *Conroy*, 235 F. Supp. 2d at 1053. Yet they cite numerous cases in which the jurisdictional issue was straightforward—for example, because the Ninth Circuit had not recognized the doctrine upon which the removal was based, *Dent v. Lopez*, 2014 WL 3615784 (E.D. Cal. July 22, 2014); *Dekalb v. C.R. Bard, Inc.*, 2013 WL 12146518 (C.D. Cal. Oct. 8, 2013); *Goodwin v. Kojian*, 2013 WL 1528966 (C.D. Cal. Apr. 12, 2013); *Hamzey v. Bayer Corp.*, 2010 WL 2011529 (S.D. Cal. May 19, 2010), or because the only defendant to which a removal argument could apply had been dropped from the case, *Tucson Med. Ctr. v. Purdue Pharma LP*, 2018 WL 6629659 (D. Ariz. Dec. 19, 2018). By contrast, Plaintiffs' own cited decision from the Bankruptcy Appellate Panel of the Ninth Circuit recognizes that "related to" bankruptcy jurisdiction can "raise difficult questions." *In re Caesars*, 588 B.R. at 237; *see also Bd. of Trustees of Teachers' Ret. Sys.*, 244 F. Supp. 2d at 903 (cited affirmatively by Plaintiffs in briefing before the JPML) (holding that questions of "related to" jurisdiction to present a "legal quagmire" that satisfy the first element of the *Meyers* test).

**B.     The Jurisdictional Question Is Similar to Those that Arise in the BCBS MDL**

Because a preliminary assessment reveals that removal was proper and the jurisdictional issue appears factually or legally difficult, the Court may next consider whether "similar jurisdictional issues have been raised in other cases that have been or may be transferred to the MDL proceeding." *Conroy*, 325 F. Supp. 2d at 1053 (laying out factors).

Plaintiffs misconstrue this factor. Plaintiffs suggest that a stay must be denied if their precise jurisdictional issue has not previously been raised in the MDL. Pls.' Opp'n (Dkt. 105) at 15–16. Contrary to Plaintiffs' incomplete recitation of the *Conroy-Meyers* factors, that test does not require that the jurisdictional issue be ***identical*** to those ***already*** raised in the BCBS MDL; it merely asks if the jurisdictional issue is "***similar***" to those that "***may be*** transferred," as Plaintiffs' own cited cases explain. *Conroy*, 325 F. Supp. 2d at 1053 (emphasis added); *Rubio*, 2013 WL 796669, at *3 (granting stay where the "jurisdictional question ***has the potential*** to arise repeatedly") (emphasis added); *Poarch Band of Creek Indians v. Amneal Pharm., LLC*, 2020 WL 3833009, at *3 (S.D. Ala. July 8, 2020) ("Courts routinely stay an action pending a transfer decision by a MDL panel . . . when the pending motions raise issues ***likely to be raised*** in other cases as well."); *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1049 (E. D. Wis. 2001) ("If the issues involved in the remand motion are ***likely to arise*** in the cases that have been or will be transferred, judicial economy would be served by issuing the stay.") (emphasis added); *see also Oregon, ex rel. Kroger v. Johnson & Johnson*, 2011 WL 1347069, at *5–6 (D. Or. Apr. 8, 2011) (granting stay despite plaintiff's argument that the case presented a "unique" jurisdictional issue not previously raised by any case in the MDL). Otherwise, the first time ***any*** jurisdictional issue arose, a stay would be inappropriate, regardless of how likely that issue might be to arise in future cases transferred to the MDL. That would be directly contrary to the general practice of staying proceedings for a short time while the JPML makes a final transfer decision. *In re Diet Drug Litig.*, 2012 WL 13012665, at *1.

Plaintiffs' own allegations show that the same bankruptcy-related questions they raise have significant potential to arise repeatedly in the BCBS MDL. Plaintiffs allege that, as a result of the challenged conduct, "***many*** hospitals and other healthcare facilities have closed," and "**[s]*till other facilities***, including Plaintiffs', have entered bankruptcy." Compl. (Dkt. 1-2) ¶¶ 88, 91 (emphases added). The BCBS MDL plaintiffs likewise allege that numerous healthcare providers have become insolvent as a result of the challenged conduct. Consol. Prov. Compl. (Dkt. 75-3) ¶ 394 (alleging the closure of 17 hospitals in Alabama alone). It would hardly be surprising for other copycat cases to be filed in state court and removed based on bankruptcy jurisdiction, such that the BCBS MDL court will need to analyze "related to" jurisdiction. Unlike in *City of Corona*, it is not the case that the

jurisdictional question here is "unlikely to be shared with other cases [in the MDL]." 2021 WL 3829700, at *3–5 (denying motion to stay where federal officer jurisdiction question based "on statements from a motion in a different case, by a different plaintiff, from a different county entirely" was "case-specific and doubtful to arise in other cases in the MDL"). Finally, Plaintiffs' own authorities recognize that MDL transfer and "related to" jurisdiction are precisely circumstances where "transfer motions [should] be considered before remand motions." *In re Caesars*, 588 B.R. at 237; *see also Pac. Inv. Mgmt. Co.*, 2015 WL 3631833, at *4.

Because here the "jurisdictional issue is both difficult and similar" to issues likely to arise in the BCBS MDL, this Court should grant a short stay. *Conroy*, 325 F. Supp. 2d at 1053.

## IV.    PLAINTIFFS' REMAINING ARGUMENTS ARE WITHOUT MERIT

Although not part of the *Conroy-Meyers* test, Plaintiffs further argue that a stay is inefficient where the "determination of subject matter jurisdiction depends on the court's interpretation of a field of law that it is generally better equipped to address than the MDL court." Pls.' Opp'n (Dkt. 105) at 16 (capitalization removed). Here, the determination of subject matter jurisdiction turns on the interpretation of 28 U.S.C. § 1334. Plaintiffs offer no authority for their position that it would be inefficient for a ***federal*** district court, as opposed to a ***federal*** bankruptcy court, to interpret ***federal*** law. In fact, Judge R. David Proctor, the judge presiding over the BCBS MDL court, has analyzed "related to" jurisdiction on multiple occasions. *See, e.g.*, *Overton v. Chrysler Grp. LLC*, 2018 WL 847772, at *5 nn.6, 7 (N.D. Ala. Feb. 13, 2018) (Proctor, J.) (analyzing "related to" bankruptcy jurisdiction); *El Paso E&P Co., L.P. v. CMV Joint Venture*, 2010 WL 11579728, at *3 (N.D. Ala. July 12, 2010) (Proctor, J.) (same).

Plaintiffs' fallback is to argue that "bankruptcy judges should determine whether a proceeding is core or non-core." Pls.' Opp'n (Dkt. 105) at 17. But this argument—and the cases Plaintiffs cite in support[5]—are straw men. Of course a bankruptcy court should determine whether a proceeding is

---

[5] *E.g.*, *Seiko Epson Corp. v. Koshkalda*, 2018 WL 5982870, at *4 (N.D. Cal. Nov. 14, 2018) ("[A]ll claims before the Bankruptcy Court in this action are 'core' claims."); *Jenkins v. Oakhurt Dev., LLC*, 2009 WL 1473960, at *1 (S.D. W. Va. May 22, 2009) ("Pursuant to 28 U.S.C. § 157(b)(3), the bankruptcy judge shall determine . . . whether a proceeding is a core proceeding . . . ."); *MD Acquisition, LLC v. Myers*, 2009 WL 466313, at *4 (S.D. Ohio Feb. 23, 2009) (similar); *Orix Fin.*

"core" or "non-core" and oversee "core" proceedings; Congress requires this under 28 U.S.C. § 157(b)(3).  But here, the parties have already agreed that this Action is a "*non-core*" proceeding.  Pls.' Mot. to Remand (Dkt. 83-1) at 15 ("[T]his dispute is non-core.").

Plaintiffs' related argument that bankruptcy courts must address permissive abstention (28 U.S.C. § 1334) and equitable remand (28 U.S.C. § 1452) are also unavailing.  Plaintiffs' cases simply hold that a federal bankruptcy court is better suited to do so than a *state* court; they did not hold that federal district courts are unqualified to rule on these issues.  *E.g.*, *In re LandAmerica Fin. Grp., Inc.*, 2011 WL 203986, at *1 (E.D. Va. Jan. 21, 2011); *MD Acquisition, LLC*, 2009 WL 466383, at *1; *Jenkins*, 2009 WL 1473960, at *1.

Indeed, transferee MDL courts are routinely called to address jurisdictional questions upon transfer.  *E.g.*, *In re Blue Cross Blue Shield Antitrust Litig.*, 2017 WL 6759056, at *2 ("The transferee judge can decide the motions to remand."); *In re C.R. Bard, Inc.*, 2015 WL 1641343, at *1 (J.P.M.L. April 7, 2015) ("The Panel often has held that jurisdictional issues do not present an impediment to transfer, as plaintiffs can present these arguments to the transferee judge."); *In re Facebook, Inc., IPO Sec. and Derivative Litig.*, 899 F. Supp. 2d 1374, 1376 (J.P.M.L. Oct. 4, 2012) ("Plaintiffs in the removed derivative actions can present their pending motions for remand to state court to the transferee court.")*.*  This includes addressing "related to" jurisdiction in particular.  *See, e.g.*, *CIT Grp./Equip. Fin., Inc. v. BDO Seidman, LLP*, 2009 WL 2171231, at *1 (W.D. Pa. July 21, 2009) (transferee MDL court analyzing "related to" bankruptcy jurisdiction); *In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 313 (S.D.N.Y. 2003) (same); *In re Adelphia Commc'ns Corp.*, 2005 WL 1026559, at *6 (same).

## CONCLUSION

The Court should grant BCBSA's Motion to Stay and defer ruling on Plaintiffs' Motion to Remand until after the JPML issues a final transfer decision.  If the JPML denies transfer, this Court should deny Plaintiffs' Motion to Remand.

---

*Corp. v. Nexbank SSB*, 2008 WL 2796069, at *3 (N.D. Tex. July 15, 2008) (similar); *Marquette Transp. Co. v. Trinity Marine Prods., Inc.*, 2006 WL 2349461, at *5 (E.D. La. Aug. 11, 2006) (similar).

13

DATED: November 5, 2021

Respectfully submitted,

*/s/ Zachary Holmstead*

David Zott (*pro hac vice*)
dzott@kirkland.com
Daniel Laytin (*pro hac vice*)
dlaytin@kirkland.com
Zachary Holmstead (*pro hac vice*)
zachary.holmstead@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Tobias S. Keller (SBN 151445)
tkeller@kbkllp.com
Thomas B. Rupp (SBN 278041)
trupp@kbkllp.com
KELLER BENVENUTTI KIM LLP
650 California Street, Suite 1900
San Francisco, CA 94108
Telephone: (415) 496-6723
Facsimile: (650) 636-9251

*Attorneys for Defendant*
*Blue Cross Blue Shield Association*

# CERTIFICATE OF SERVICE

I, Zachary Holmstead, attorney for Defendant Blue Cross Blue Shield Association, certify that, on November 5, 2021, I caused a copy of the foregoing to be served electronically on the following counsel:

Patrick M. Ryan
Patrick E. O'Shaughnessy
John F. McLean
Oliver Q. Dunlap
Sean R. McTigue
BARTKO ZANKEL BUNZEL & MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Telephone: (415) 956-1900
Facsimile: (415) 956-1152
pryan@bzbm.com
poshaughnessy@bzbm.com
jmclean@bzbm.com
odunlap@bzbm.com
smctigue@bzbm.com

*Attorney for Plaintiffs*

Timothy S. Laffredi
Office of The United States Trustee
450 Golden Gate Avenue, 5th Floor, Suite #05-0153
San Francisco, CA 94102
timothy.s.laffredi@usdoj.gov

*Assistant United States Trustee*

*/s/ Zachary Holmstead*
Zachary Holmstead